**Roland L. FRYE, Plaintiff-Appellant,**

v.

**MEMPHIS STATE UNIVERSITY, et al., Defendants-Appellees.**

Supreme Court of Tennessee, at Jackson.

May 29, 1984.

Rex. L. Brasher, Jr., James E. Harpster, Dan M. Norwood, Memphis, for plaintiff-appellant.

Kathleen A. Maloy, Asst. Atty. Gen., Nashville, for defendants-appellees; William M. Leech, Jr., Atty. Gen. & Reporter, Nashville, of counsel.

## OPINION

HARBISON, Justice.

In this case a tenured faculty member at a state university was terminated after a lengthy administrative hearing. The administrative record was reviewed and affirmed by the president of the university and by the State Board of Regents. Because the standard of review used in the chancery court was legally erroneous, however, we reverse and remand for further proceedings at that level.

■ At the outset appellant challenges the propriety of the procedures used at the administrative level. He insists that the Uniform Administrative Procedures Act,

T.C.A. §§ 4–5–101 to 4–5–323, should have been followed. Concededly, it was not. Instead the proceedings were held pursuant to and under the provisions of a Faculty Handbook, prescribed by the State Board of Regents. The Handbook itself is not in the record, but its basic provisions are shown to be in accord with T.C.A. §§ 49–8–302 to –304, governing actions against tenured college and university faculty members.

An examination of the record reveals that the latter statute was not only applied, but its provisions were specifically invoked by appellant at all levels prior to this appeal. The provisions of T.C.A. §§ 49–8–302 to –304 differ from those contained in the Uniform Administrative Procedures Act in several respects. Among other things, the requirement of proof is more stringent, especially the provisions of T.C.A. § 49–8–303(a)(4) which not only impose the burden of proof upon the educational institution to show that adequate cause for termination exists but specifically provide that such burden "shall be satisfied only by clear and convincing evidence in the record considered as a whole...."

In addition, T.C.A. § 49–8–304 provides for de novo judicial review of the administrative decision and a direct appeal to this Court. The provisions of the Uniform Administrative Procedures Act differ in the scope of judicial review and provide for an appeal to the Court of Appeals. *See* T.C.A. §§ 4–5–322(h) and (i), and 4–5–323.

The present statutes governing tenure of college and university faculty members were enacted as Tennessee Public Acts 1976, Chapter 839. They were adopted shortly after the decision of this Court in *State ex rel. Chapdelaine v. Torrence,* 532 S.W.2d 542 (Tenn.1975), *cert. denied,* 425 U.S. 953, 96 S.Ct. 1731, 48 L.Ed.2d 198 (1976), in which provisions of previous statutes dealing with such tenure were construed and some deficiencies therein pointed out. The present statutes are more specific and detailed than the previous ones. It is our opinion that the General Assembly intended for them to apply to

proceedings such as these, rather than for the more general provisions of the Uniform Procedures Act to be used. There is no claim that any provision of the Faculty Handbook is contrary to or in violation of these statutes. Accordingly we overrule the issues raised by appellant as to the governing procedural law.[1]

After review of the record, however, we are of the opinion that appellant was not given the benefit of these statutes in the chancery court. We overrule the issues raised by appellant with respect to procedural irregularities and improprieties at the administrative level, but T.C.A. § 49–8–304 specifically provides for "de novo judicial review" of the administrative decision in the chancery court.

Upon motion of appellees, the Chancellor to whom the case was originally assigned held that judicial review would be "limited to the record below except as to any evidence needed to show that the administrative procedure below was illegal, arbitrary, or capricious."

Appellant sought interlocutory review of that order. In doing so, he applied to the Court of Appeals rather than to this Court. The Court of Appeals denied the application without comment or opinion and remanded the case to the chancery court. A successor Chancellor then tried the case in accordance with the preceding order, limiting the proof to the issue of whether the administrative proceedings were illegal, arbitrary, or capricious. He found that they were not. Upon the proof presented before

him and upon the administrative record, we concur.

Nevertheless, in affirming the decision of the administrative body, the Chancellor noted that issues of veracity and credibility of the witnesses were involved, and that there was conflicting evidence on several points. He specifically declined to review such issues or to "substitute my judgment" for that of the hearing committee and the university officials. Counsel for appellees insisted that the Chancellor was confined to reviewing the administrative record for material or substantial evidence only, and counsel for appellant complained that the previous Chancellor had precluded him from offering evidence that might bear upon veracity and credibility.

 In our opinion this was error. "De novo judicial review" in this statute and context means a new hearing in the chancery court based upon the administrative record and any additional or supplemental evidence which either party wishes to adduce relevant to any issue.[2] The Chancellor may, of course, confine new evidence to that which is truly supplemental or additional and is not required to hear all of the evidence anew if he does not find this necessary. Otherwise there would be little need for the administrative transcript. However, he may permit introduction of any and all evidence which he deems necessary to enable him to dispose of the issues presented.

The tenure statutes in question are similar in several respects to those dealing with proceedings against tenured public school

---

1. We find nothing to the contrary in *State Board of Regents v. Gray*, 561 S.W.2d 140 (Tenn.1978), relied upon by appellant. In that case the Board was held to be an agency subject to the general provisions of the Uniform Administrative Procedures Act, but the subject matter of that case involved disciplinary proceedings against students. There were no specific statutes governing the trial and judicial review of such proceedings. It was under those circumstances that the general procedural statutes were deemed applicable. The 1976 statutes involved here are similar to the statutes governing tenured public school personnel, T.C.A. §§ 49–5–501 to 515, especially with respect to disciplinary proceedings.

2. This does not necessarily mean a complete repetition of all of the evidence, because obviously the administrative record is required to be transcribed and transmitted. T.C.A. § 49–8–304(b). "Review" rather than "trial" is the wording used in the statute. T.C.A. § 49–8–304(a). But it does not specify de novo review "confined to the administrative record" nor does it provide for review merely by some form of certiorari. *Cf.* Rule 13(d) T.R.A.P. where review in appellate courts in non-jury cases is "de novo upon the record of the trial court" unless otherwise provided by statute.

personnel. T.C.A. § 49–5–513(g) provides for judicial review of such proceedings in the chancery court. It states that:

> "The hearing shall be de novo and may be on deposition and interrogatories, or on oral testimony."

While T.C.A. § 49–8–304 is not as clear or specific, in our opinion, particularly after reviewing the legislature debates on the subject, the General Assembly intended that there be a broad review in the chancery court with the right of the parties to offer additional evidence if desired. We do not believe that the General Assembly intended to confine review to the record made at the administrative level or to limit additional evidence at the chancery level only to alleged procedural irregularities or improprieties in the administrative process.[3]

Accordingly we are of the opinion that the original chancellor erred in not granting a broader review as sought by appellant. Understandably the Chancellor who tried the case felt bound by the orders of his predecessor, particularly after interlocutory review was denied. The Court of Appeals, however, had not undertaken to decide the issue but merely declined to review it on an interlocutory application under Rule 9, T.R.A.P. In view of the provisions of T.C.A. § 49–8–304(d), providing for direct appeal to this Court, application had been made to the wrong appellate court, but that court made no disposition which could be deemed to be the "law of the case" so as to foreclose the issue on the present appeal.

Accordingly we hold that these proceedings were properly instituted and filed under T.C.A. §§ 49–8–302 to 304. We find without merit the contentions of appellant

that the proceedings should have been brought under the Uniform Administrative Procedures Act. We are also of the opinion that appellant was given adequate notice of the charges made against him. We overrule all issues raised by appellant except the issue as to whether the Chancellor erred in finding adequate cause for termination. In this regard we find no error with respect to the form of the findings of fact or conclusions made by the Chancellor, as urged by appellant, but it is clear that a de novo judicial review was not afforded in this case.

On remand, the parties should be allowed to put on any additional or supplemental proof which they desire, relevant to any of the issues. The Chancellor should then review both the administrative record and any additional evidence brought before him and determine the weight of evidence and its preponderance, including the credibility and veracity of witnesses. He must then decide whether cause for termination is shown "by clear and convincing evidence in the record considered as a whole...." T.C.A. § 49–8–303(a)(4).[4]

The judgment of the trial court is reversed and the cause is remanded for further proceedings. Costs incident to this appeal are taxed to appellees. All other costs will be taxed by the Chancellor.

FONES, C.J., COOPER and BROCK, JJ., and TATUM, Special Justice, concur.

---

3. In the review of cases involving tenured public school personnel, new evidence is frequently introduced at the chancery level, and it is not confined to procedural issues only. *See Potts v. Gibson,* 225 Tenn. 321, 469 S.W.2d 130 (1971). We believe that the General Assembly intended for tenured college and university personnel to have a similar type of procedure available to them in the chancery court.

4. *Cf. Case v. Carney,* 213 Tenn. 597, 376 S.W.2d 492 (1964). There statutes provided for "trial de novo" in the "certiorari" review of beer license proceedings. T.C.A. § 57–5–109(d). Where the record clearly showed that a more narrow review was accorded, the cause was remanded with instructions to the Chancellor "to weigh the evidence." 213 Tenn. at 607, 376 S.W.2d 492.