Steve COOPER, d/b/a Club Tiffany,
Plaintiff–Appellee,

v.

ALCOHOL COMMISSION OF the
CITY OF MEMPHIS,
Defendant–Appellant.

Steve COOPER, d/b/a Cherokee Rose,
Inc., Plaintiff–Appellee,

v.

ALCOHOL COMMISSION OF the
CITY OF MEMPHIS,
Defendant–Appellant.

Supreme Court of Tennessee,
at Jackson.

Jan. 25, 1988.

Rex L. Brasher, Jr., Brown and Brasher,
Memphis, for plaintiff-appellee.

Walter L. Evans, Asst. City Atty., Memphis, for defendant-appellant.

## OPINION

DROWOTA, Justice.

These two consolidated cases involve the review of a decree of the trial court reversing the decision of the Defendant–Appellant, Alcohol Commission of the City of Memphis (the Commission), for failure of the Commission to timely file its record and transcript of the administrative hearing. The Commission had revoked the beer permits of Plaintiff–Appellee, Steve Cooper, at two locations, the Club Tiffany and the Cherokee Rose, for allowing employees to engage in sexual activity. Cooper filed Petitions for Writ of Certiorari and Supersedeas in these cases and the trial court, without a hearing on the merits, reversed the action of the Commission in revoking the beer permits because the Commission had not complied with the requirements of T.C.A. § 57–5–109.

On January 23, 1986, Cooper was given notice to appear before the Defendant Commission on February 5, 1986, to determine if his beer permits in certain establishments should be suspended or revoked. Although there were five cases before the Commission and the Trial Court, on appeal we have only two, the Club Tiffany and Cherokee Rose. Plaintiff was charged, inter alia, with allowing employees to engage

in sexual activity involving physical contact in violation of the Commission rules.

At the hearing before the Commission on February 5, after the presentation of the testimony of certain police officers and the general manager of the Club Tiffany, the Commission voted unanimously to revoke the beer permits of the Club Tiffany and Cherokee Rose. On the same date, February 5, Plaintiff filed in both cases his Petitions for Writ of Certiorari and Supersedeas in the Circuit Court of Shelby County. Writs of Certiorari were issued in each case to the Commission requiring it to certify and transmit the entire record and transcript of the February 5 proceedings. On February 5, Writs of Supersedeas also issued staying the orders of revocation by the Commission, pending a *de novo* trial and determination of the cases. Thus Plaintiff was allowed to continue operating under his current beer permits.

T.C.A. § 57-5-109 governs review and appeals of orders by beer boards and commissions. The trial court found that the Commission failed to comply with this code section. Subsection (d) states that the action of such agency in connection with the issuance of an order of revocation of a permit is "reviewed by statutory writ of certiorari, with a trial *de novo* as a substitute for an appeal, said petition of certiorari to be addressed to the circuit or chancery court of the county in which any such order was issued." Subsection (e) states that "[i]mmediately upon the grant of the writ of certiorari, the revoking agency shall cause to be made, certified and forwarded to said court, a complete transcript of the proceedings in said cause."

The Writs of Certiorari were granted February 5, 1986, in these two cases. Complete transcripts of the proceedings were filed June 27, 1986, and answers were filed October 13, 1986. The cases came on to be heard before the trial judge on February 23, 1987, approximately 8 months after the transcripts had been filed with the Circuit Court Clerk.

In fairness to the trial judge, he had before him on February 23, 1987, five cases set for trial. In two of these cases which are not before us, the Writs of Certiorari were issued August 20, 1986, and the transcripts were filed February 17, 1987, only six days before trial. In neither case had an answer been filed. At the February 23, 1987 hearing, counsel for Cooper, in discussing the Playboy Club case, which was one of the two cases described above, made a motion to dismiss or, in the alternative, that the case be continued since the transcript had been filed only six days before trial. Counsel for the Commission stated that he had no objection to continuing that case in order to give counsel a chance to review the transcript. In ruling on Cooper's motion, the trial judge treated all five cases in the same manner and dismissed them for failure to comply with T.C.A. § 57-5-109(e) and (f), even though the transcripts in the Club Tiffany and Cherokee Rose cases had been filed eight months before trial.

As stated earlier, subsection (e) requires the revoking agency to "immediately ... cause to be made, certified and forwarded to said court, a complete transcript of the proceedings in said cause". In the trial court and in this Court the meaning of this subsection has been questioned. Also called into question are which Rules of Procedure apply—the Rules of Civil Procedure or the Rules of Appellate Procedure. The trial judge held that the Rules of Appellate Procedure apply and require that the record and the transcript of the hearing from the administrative board be filed within 45 days from the filing of the case in the Circuit Court, and "although the statute says immediately, the outside limit would be 45 days under the Rules of Appellate Procedure". He thus found noncompliance with the statute in all five cases before him. In making his ruling, he did not address the question of whether Plaintiff had been prejudiced by the late filing of the transcripts, particularly in the Club Tiffany and the Cherokee Rose cases.

■ Before addressing the meaning of subsection (e), we will discuss the question of which rules of procedure apply in beer board cases appealed to the circuit or chancery courts. Rule 1 of the Rules of Civil

Procedure, effective Jan. 1, 1971, states that "these rules shall govern the procedure in the circuit and chancery courts of Tennessee." Rule 1 of the Rules of Appellate Procedure, effective July 1, 1979, states that "these rules shall govern procedure in proceedings before the Supreme Court, Court of Appeals, and Court of Criminal Appeals." Obviously the Rules of Civil Procedure should apply to beer board cases in the circuit or chancery court; however, in 1981, Chapter 449, § 2, of the Tennessee Public Acts, amended T.C.A. § 57-5-109(f) by substituting the following emphasized sentence for the former sentence, which read: "[t]he provisions of §§ 27-901—27-913 shall be applicable in connection with such review":

"(f) The provisions of this section shall be the sole remedy and exclusive method of review of any action or order that may have been issued by any county legislative body, or any committee appointed by any county legislative body, or from any board or commission authorized under §§ 57-5-105 and 57-5-108, including the refusal or failure to grant any license or permit. *The provisions of the Tennessee Rules of Appellate Procedure shall be applicable in connection with such review.* Any party dissatisfied with the decree of the court may, upon giving bond as required in other cases, appeal to the Supreme Court, where the cause shall be heard upon the transcript of the records from the circuit court." T.C.A. § 57-5-109(f) (emphasis added).

Why did the Legislature in 1981 substitute the Rules of Appellate Procedure to control review of beer board cases in the trial courts, for the former procedural statutes governing "Review of Boards and Commissions" found in §§ 27-901—§§ 27-914, now §§ 27-9-101, *et seq.*? With the adoption of the Rules of Appellate Procedure in July 1979, many acts and parts of acts conflicted with or were inconsistent with the new Appellate Rules; therefore, the Legislature

felt it was desirable to pass a general repealer statute to conform these sections of the code to the new appellate rules in order to eliminate possible confusion and ambiguity. We feel it was unnecessary for the Legislature to amend § 57-5-109(f), because the review described in § 109(d), (e) and (f) deal with review in the circuit or chancery courts, not in the appellate courts. The application of rules designed for appellate courts creates problems when one attempts to apply them to trial courts. The Legislature should consider amending subsection (f). Having said this, we must nevertheless agree with Plaintiff's counsel that under the present statute the Rules of Appellate Procedure are applicable to circuit and chancery courts in reviewing beer board cases.

A well established rule of statutory construction is that a specific provision of a statute controls over the general. The specific mandates of § 57-5-109 shall therefore take precedence over the general provisions of the appellate rules.[1] Section 57-5-109, subsection (d) specifies that the review will be "by statutory writ of certiorari, with a trial *de novo* as a substitute for an appeal." Rule 13(d), T.R.A.P. discusses the standard of review and burden of proof to be used in appellate courts, "[u]nless otherwise required by statute". In this case we have such a statute, and the meaning of a trial *de novo* is determined from the terms of the statute in which it is used. Section 109(d) specifically requires review by statutory writ of certiorari, with a trial *de novo* in beer board reviews.

Since review is by statutory writ of certiorari, with a trial *de novo*, the parties question the necessity of transcripts of the proceedings. Perhaps the answer can be found in other comparable statutes. The beer board review statute and the statute involving tenured state university faculty members are quite similar. Both provide for *de novo* review and both require the filing of a transcript of the proceedings.[2] In *Frye v. Memphis State Univ., supra,*

**1.** Similarly, in *Frye v. Memphis State Univ.,* 671 S.W.2d 467, 468–69 (Tenn.1984), we held that in termination proceedings for tenured state university faculty, T.C.A. §§ 49-8-302—49-8-304 apply, rather than the more general provisions of the Uniform Administrative Procedures Act.

**2.** See T.C.A. § 49-8-304; *Frye v. Memphis State Univ., supra.*

671 S.W.2d at 469 and 470, this Court stated that *de novo* review means:

"a new hearing in the chancery court based upon the administrative record and any additional or supplemental evidence which either party wishes to adduce relevant to any issue.[3] The Chancellor may, of course, confine new evidence to that which is truly supplemental or additional and is not required to hear all of the evidence anew if he does not find this necessary. Otherwise there would be little need for the administrative transcript. However, he may permit introduction of any and all evidence which he deems necessary to enable him to dispose of the issues presented.

\* \* \* \* \* \*

The Chancellor should then review both the administrative record and any additional evidence brought before him and determine the weight of evidence and its preponderance, including the credibility and veracity of witnesses."

■ As stated in *Cooper v. Williamson County Bd. of Ed.* (Tenn.1987) [Available on WESTLAW 1987 WL 25685], the scope of review is not confined to a determination of whether the evidence preponderates in favor of the decision of the administrative agency and no presumption of correctness attaches to the decision of the board or commission. A hearing *de novo* requires the trial court to reconsider and redetermine both the facts and the law from all the evidence as if no such determination had been previously made. In *McCarter v. Goddard*, 609 S.W.2d 505, 508 (Tenn.1980), this Court stated: "[i]n reviewing a judgment of a trial court in cases involving beer permits, the evidence before the beer board is of no consequence, since the matter is heard in a trial *de novo* in a circuit or chancery court."

T.C.A. § 57–5–109(e) specifically deals with the time for filing the transcript of the proceedings and is thus controlling. It states that the revoking agency shall "immediately ... cause to be made" the filing of the transcript. We have no cases which

deal with the timeliness of the filing of the transcript in beer board cases. Generally, the phrase "immediately" in this context means "as soon as practicable." Counsel for the Commission stated at the trial that "although this is no excuse, there is a shortage of staff in the Alcohol Commission Office. So many of these cases are appealed. So much time and effort is required to compile these transcripts and they are running behind and have been running behind as a practical matter."

Rule 26(b), T.R.A.P., deals with the procedure to be followed when a transcript is not timely filed in the appellate courts. It provides that:

"If the appellant shall fail to file the transcript or statement within the time specified in rule 24(b) or 24(c) [within 90 days after filing the notice of appeal], any appellee may file a motion in the appellate court to dismiss the appeal. The motion shall be supported by a certificate of the clerk of the trial court showing the date and substance of the judgment or order from which the appeal was taken and the date on which the notice of appeal was filed. The appellant may respond within 14 days after service of the motion. In lieu of granting the motion or at any time on its own motion, the appellate court may order filing of the transcript or statement.

In this case Plaintiff did not file a motion to dismiss the appeal at any time prior to the day of trial on February 23, 1987. As mentioned earlier, the writs issued on February 5, 1986, and the transcripts were filed June 27, 1986. The procedures outlined in Rule 26(b), T.R.A.P., were not followed in these cases. In addition, Rule 21(b), T.R.A.P., provides: "For good cause shown the appellate court may enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time...." In *Davis v. Sadler*, 612 S.W.2d 160 (Tenn.1981), in holding that the Court of Appeals had erred in refusing to allow the filing of a late transcript of the evidence, we stated:

---

**3.** Also instructive for this case is part of footnote 2 in *Frye*, 671 S.W.2d at 469: "This does not necessarily mean a complete repetition of all of

the evidence, because obviously the administrative record is required to be transcribed and transmitted."

The purpose of the Rules of Appellate Procedure is "to secure the just, speedy, and inexpensive determination of every proceeding *on its merits.*" Rule 1. (emphasis supplied). To this end, the rules expressly provide that an appellate court, in its discretion, may suspend the requirements or provisions of any of the rules, except those governing the time for taking an appeal as of right (Rule 4), applying for permission to appeal from an intermediate appellate court to the Supreme Court (Rule 11), and for petitioning for review in cases in which the Court of Appeals directly reviews orders of an administrative agency (Rule 12). *See* Rule 2 of the Tennessee Rules of Appellate Procedure.

The time limit on the filing of a transcript set forth in Rule 24(b) is not within the exceptions to the grant of authority to an appellate court to suspend requirements of the Rules of Appellate Procedure. Even more striking is the fact that in Rule 26(b) there is an express grant of authority to an appellate court to order the filing of a late transcript on its own motion or in lieu of granting an appellee's motion to dismiss. This grant of authority is in keeping with the ultimate purpose of the rules, which is to ensure a determination of the case on its merits—a purpose which often cannot be accomplished without consideration of the evidence set forth in the transcript. In keeping with the purpose of the Rules of Appellate Procedure, we are of the opinion an appellate court should permit the late filing of a transcript in all cases where there has been a good faith attempt on the part of the appellant to file the transcript within the time limit set forth in Rule 24(b) and the appellee is not prejudiced by the delay in filing. 612 S.W.2d at 161.

We have before us only two cases, and although the Commission admits that the transcripts were not timely filed, it avers that no prejudice has been shown by Plaintiff in these two cases. A supersedeas issued staying the order of revocation; therefore, Plaintiff continues to operate under his former beer permits. The transcripts, although admittedly late, were filed 8 months prior to the hearing in the Circuit Court. The Commission avers that the cases basically involve questions of law, the facts not being in dispute, and the transcript is, therefore, unnecessary, particularly in the setting of a trial *de novo* as contemplated in T.C.A. § 57–5–109(d). At the circuit court hearing, the Commission had subpoenaed a number of police officers to testify. Counsel for Plaintiff stated that "[a]ll of my arguments today are going to be constitutional arguments", and he therefore stipulated to let the police officers go since their testimony would be the same as that in the transcript.

We are satisfied that in the two cases before us that Plaintiff was not, and has not been, prejudiced by the delay in filing the transcript. The transcript had been filed some eight months before the scheduled hearing on the merits in the Circuit Court. Plaintiff has been allowed to continue to operate under his beer permits.

The trial court erred in reversing these cases and they are accordingly remanded for a trial *de novo* in accordance with this opinion. The costs on appeal are taxed to Plaintiff–Appellee; the balance of the costs abide the outcome on remand.

HARBISON, C.J., and FONES, COOPER and O'BRIEN, JJ., concur.