# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**February 18, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

KEN STEPHENS                       )
                                   )
    Petitioner/Appellant,          )         Appeal No.
                                   )         M1998-00025-COA-R3-CV
v.                                 )
                                   )         Davidson County Chancery
ROANE STATE COMMUNITY              )         No. 97-2695-I
COLLEGE                            )
                                   )
    Respondent/Appellee.           )

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE CHANCERY COURT
FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE IRVIN H. KILCREASE, JR. PRESIDING

JERROLD L. BECKER
SAMUEL W. BROWN
BECKER, THOMFORDE, BROWN, KNIGHT & HESTER, P.C.
P.O. BOX 1710
KNOXVILLE, TENNESSEE 37901-1710

ATTORNEYS FOR PETITIONER/APPELLANT

PAUL G. SUMMERS
ATTORNEY GENERAL

WILLIAM J. MARETT, JR.,
ASSISTANT ATTORNEY GENERAL
CORDELL HULL BUILDING
525 5TH AVENUE, NORTH
NASHVILLE, TENNESSEE 37243

ATTORNEYS FOR RESPONDENT/APPELLEE

**VACATED AND REMANDED**

PATRICIA J. COTTRELL, JUDGE

CONCUR:

CANTRELL, J.
CAIN, J.

# OPINION

Appellant Ken Stephens is a tenured professor at Appellee Roane State Community College ("Roane State") who was suspended for six months without pay for violating the sexual harassment policies of the Tennessee Board of Regents and Roane State. Professor Stephens seeks appellate review

of the trial court's affirmance of the administrative decision to suspend him. Because the trial court reviewed this case by applying the judicial review standards provided under the Uniform Administrative Procedures Act ("UAPA"), Tenn. Code Ann. § 4-5-101, *et seq.*, rather than the more specific provisions of Tenn. Code Ann. § 49-8-304, we vacate its decision and remand this case.

Roane State hired Professor Stephens to teach computer programming in 1989. He became tenured in 1991. This case arose in 1996, after one of Professor Stephens's female students lodged a sexual harassment complaint against him, claiming he created a hostile environment and engaged in unwelcome sexual conduct while acting in his official capacity as a professor.

After an investigation of the student's complaint, Roane State's president imposed a one-year suspension without pay. Professor Stephens appealed to the Board of Regents, and hearings were held before an administrative law judge ("ALJ"). After considering the hotly disputed evidence, the ALJ concluded that Professor Stephens's conduct constituted sexual harassment, in violation of policies of the Board of Regents and Roane State, in that his conduct unreasonably interfered with the complaining student's academic performance and created a hostile, intimidating and offensive educational environment for the student. The ALJ, however, reduced the suspension to one-half year without pay.

Because neither party petitioned the Board for appeal and the Board did not issue a notice of intention to review the ALJ's order pursuant to Tenn. Code Ann. § 4-5-315, the ALJ's order became the final order of the Board of Regents in June 1997. The Notice of An Initial Order Becoming a Final Order, issued by the Administrative Procedures Division of the Secretary of State's Office, included notice that any party aggrieved by the final order could seek judicial review, citing Tenn. Code Ann. §4-5-322.

Professor Stephens sought review of the administrative decision in

Chancery Court by filing a petition for judicial review pursuant to the UAPA, specifically, Tenn. Code Ann. § 4-5-322. In his petition, Professor Stephens alleged that the Board of Regents had acted in violation of constitutional or statutory provisions, arbitrarily and capriciously, and had abused its discretion by sanctioning Professor Stephens for conduct which, as a matter of law, did not rise to the level of sexual harassment and by refusing to allow inquiry into the views of the complaining student's psychologist. The petition also alleged that the order was not supported by substantial and material evidence in light of the entire record.

The trial court explicitly conducted its review of the administrative proceedings pursuant to the UAPA, stating, "Review in this court is not *de novo*, but is confined to the record made before the Board. Factual issues must be reviewed upon a standard of substantial and material evidence." (citations omitted). The court specifically set out the standard of review it was applying by including the language of Tenn Code Ann. §4-5-322 in its opinion:

> The court may affirm the decision of the agency or remand this case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (5) Unsupported by evidence which is both substantial or material in the light of the entire record.
>
> In determining the substantiality of the evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the

evidence on questions of fact.

Applying this standard applicable to judicial review under the UAPA, the trial court determined that the six-month suspension without pay was supported by substantial and material evidence and was not arbitrary or capricious. Professor Stephens appealed these findings to this court.

## I.

Both parties proceeded below and based their original arguments in this court on the assumption that the judicial review provisions of the UAPA applied to the trial court's review of the order suspending Professor Stephens. There is nothing in the record to indicate that the parties considered or asked the trial court to consider the applicability of Tenn. Code Ann.§§ 49-8-301, *et seq.*, to this case. That set of statutes deals with tenured faculty at institutions within the state university and community college system, which includes Roane State. This court asked both parties to provide supplemental briefs on the issue of whether Tenn. Code Ann. § 49-8-304 (1996), which deals with judicial review of certain administrative actions involving discipline of tenured faculty, applied to this case. We have received and considered the parties' supplemental briefs.

Tenn. Code Ann. § 49-8-304(a) states as follows:

(a) A faculty member who has been awarded tenure, and who has been dismissed or suspended for cause, may obtain de novo judicial review of the final decision by filing a petition in a chancery court having jurisdiction within thirty (30) days of the final decision, and copies of the petition shall be served upon the board and all parties of record.

"A well established rule of statutory construction is that a specific provision of a statute controls over the general." *Cooper v. Alcohol Comm'n of the City of Memphis*, 745 S.W.2d 278, 280 (Tenn. 1988). Thus, in *Frye v. Memphis State Univ.*, 671 S.W.2d 467, 468-9 (Tenn.1984), our Supreme Court held that in termination proceedings for tenured state university faculty, Tenn. Code Ann. §§ 49-8-302 - 304 applied, rather than the UAPA. The Court specifically stated:

It is our opinion that the General Assembly intended for them [the provisions of Tenn. Code Ann. § 49-8-301, *et seq.*] to apply to proceedings such as these, rather than for the more general provisions of the Administrative Procedures Act to be used.

*Frye*, 671 S.W.2d at 468-469.

While the set of statutes at Tenn. Code Ann. §49-8-301, *et seq.*, deals specifically with tenured faculty at institutions within the state university and community college system, *see Frye*, 671 S.W.2d at 468-69; *see also Phillips v. Board of Regents*, 771 S.W.2d 410, 411 (Tenn. Ct. App. 1988), sections 49-8-302 and 303 establish procedures and grounds for termination of tenured faculty. Thus, although those sections were found to apply to the termination proceedings at issue in *Frye*, they explicitly do not apply to this action in which suspension of Professor Stephens was the only sanction sought or imposed.[1] However, by its language, Tenn. Code Ann. § 49-8-304, which governs judicial review of administrative decisions regarding tenured faculty, applies specifically to faculty members who have been awarded tenure and are "suspended for cause." It is undisputed that Professor Stephens was "suspended for cause." In light of the plain language of the statute, *Frye's* precedent, and the governing rules of statutory construction, we must conclude that Tenn. Code Ann. § 49-8-304 applies to both the dismissal and suspension for cause of tenured college and university faculty members. *See Frye*, 671 S.W.2d at 468.

In its supplemental brief, Roane State contends that §49-8-304 does not apply here because Tenn. Code Ann. § 49-8-301, *et seq.*, relate only to terminations of tenured faculty and not to suspensions. It maintains that the State Board of Regents' policies interpret "suspended for cause," within the meaning of § 49-8-304, as a suspension pending termination, and that because Professor Stephens was not suspended pending termination, Tenn. Code Ann.

---

[1] It follows that the heightened burden of proof required for termination of a tenured faculty member by Tenn. Code Ann. § 49-8-303(a)(4) does not apply to Professor Stephens's suspension proceedings.

§ 49-8-304 does not apply.

These arguments ignore the "cardinal rule" of statutory construction: to give effect to legislative intent. *Rippeth v. Connelly*, 60 Tenn. App. 430, 433, 447 S.W.2d 380, 381 (1969); *see Schering-Plough Healthcare Products, Inc. v. State Bd. of Equalization*, 999 S.W.2d 773, 775 (Tenn. 1999).

> Legislative intent and purpose is to be ascertained primarily from the natural and ordinary meaning of the language used, when read in the context of the entire act or statute, without any forced or subtle construction to limit or expend [sic] the import of that language.

*Oliver v. King*, 612 S.W.2d 152, 153 (Tenn.1981). Courts must construe statutes as they find them, and must grant their fullest possible effect, without unduly restricting them or expanding them beyond their intended scope. *See Wilson v. Johnson County,* 879 S.W.2d 807, 809 (Tenn.1994); *Watts v. Putnam County*, 525 S.W.2d 488, 494 (Tenn.1975).

Because §49-8-304 specifically addresses suspensions for cause, we must reject Roane State's unduly restrictive reading of that statute as applying solely to suspensions pending termination. Such an interpretation ignores the plain language adopted by the General Assembly and fails to grant meaning to the legislature's words, "who has been . . . suspended for cause."

II.

Having decided that §49-8-304 applies here, we must consider whether the failure to apply the standard of review required by that statute gave rise to reversible error. *See* Tenn. R. App. P. 36(b). Our Supreme Court has held that it did in *Frye*, 761 S.W.2d at 468. Where it applies, Tenn. Code Ann. §49-8-304 requires a *de novo* judicial review. *See Wells v. Tennessee Bd. of Regents*, No. M1998-00459-SC-R3-CV, 1999 WL 1211480 (Tenn. Dec. 20, 1999).

There is a fundamental difference in the role of a trial court reviewing an administrative action under the UAPA and that of a trial court

performing a *de novo* review. The Supreme Court has recognized this difference:

> [T]he UAPA requires that the trial court review factual issues upon a standard of substantial and material evidence. But this is not a broad, *de novo* review. It is restricted to the record and the agency findings may not be reversed or modified unless arbitrary or capricious or characterized by an abuse, or clearly unwarranted exercise, of discretion and must stand if supported by substantial and material evidence.

*CF Indus. v. Tennessee Public Serv. Comm'n,* 599 S.W.2d 536, 540 (Tenn. 1980). In short, the UAPA prohibits the court from substituting its judgment of the evidence for that of the administrative decision-maker. In contrast, a "hearing *de novo* requires the trial court to reconsider and redetermine both the facts and the law from all the evidence **as if no such determination had been previously made**." *Cooper v. Alcohol Comm'n of the City of Memphis*, 745 S.W.2d at 281 (emphasis added). A court conducting a *de novo* review of administrative proceedings must make an independent examination of the evidence, including any evidence supplemental to the administrative record, and "redetermine the facts and the law from all the evidence before the court." *Cooper v. Williamson County Bd. of Educ.*, 746 S.W.2d 176, 180-181 (Tenn. 1987).

In addition, the two different review procedures have different rules regarding whether evidence additional to that in the administrative record may be introduced before the trial court. Judicial review under the UAPA is, by statute, confined to the record. Tenn. Code Ann. § 4-5-322(g). Only "[i]n cases of alleged irregularities in procedure before the agency, not shown in the record," may proof be taken in the trial court. *Id. De novo* review under Tenn. Code Ann. § 49-8-304, however, is not so limited.

In *Frye*, the Court held:

> in affirming the decision of the administrative body, the Chancellor noted that issues of veracity and credibility of the witnesses were involved, and that there was conflicting evidence on several points. He specifically declined to review such issues or to "substitute my judgment" for that of the hearing committee and the university officials.

> Counsel for appellees insisted that the Chancellor was confined to reviewing the administrative record for material or substantial evidence only, and counsel for appellant complained that the previous Chancellor had precluded him from offering evidence that might bear upon veracity and credibility.
>
> In our opinion this was error. "*De novo* judicial review" in this statute and context means a new hearing in the chancery court based upon the administrative record and any additional or supplemental evidence which either party wishes to adduce relevant to any issue. The Chancellor may, of course, confine new evidence to that which is truly supplemental or additional and is not required to hear all of the evidence anew if he does not find this necessary. Otherwise there would be little need for the administrative transcript. However, he may permit introduction of any and all evidence which he deems necessary to enable him to dispose of the issues presented.

*Frye*, 671 S.W.2d at 469.

One of Professor Stephens's primary arguments challenges the sufficiency of the evidence.[2] Clearly, the erroneous application of the UAPA materially affected the standard of review the trial court used to analyze that evidence, as demonstrated by the trial court's explicit statement that its review "is not *de novo*" and that it reviewed factual issues "upon a standard of substantial and material evidence." Under Tenn. Code Ann. § 49-8-304, Professor Stephens was entitled to a *de novo* review, and the absence of such a review forecloses our appellate review of this case. Thus, the case must be remanded for review under the proper standard. *See id.*; Tenn. R. App. P. 36(b).

### III.

Relying on Tenn. R. App. P. 36(a), Roane State argues that even if Tenn. Code Ann. § 49-8-304 applies, Professor Stephens' failure to seek review under that statutory section instead of the UAPA or to seek permission

---

[2]It should be noted that the ALJ specifically found that Professor Stephens's conduct, without an incident occurring between the student and the professor in his office, would not have led to a finding of sexual harassment "with a significant penalty." Professor Stephens denied that the office incident, testified to by the complaining student, ever occurred, but the ALJ believed the student. Thus, issues of credibility of the witnesses and weight of the evidence are involved.

to supplement the record in the trial court[3] should foreclose our granting relief to him. Both parties proceeded below under the theory that the UAPA applied, beginning with the Board of Regents' notice regarding the method for seeking judicial review. Further, we cannot agree with Roane State's assertion that Professor Stephens can show no harm consistent with Tenn. R. App. P. 36(b) resulting from the trial court's review of the Board's decision under the UAPA standard. Professor Stephens was statutorily entitled, by virtue of his status as a tenured professor, to the court's *de novo* review of his suspension. Such a review includes the court's weighing of the evidence and the opportunity to ask the court to present additional or supplemental relevant proof. *See Frye*, 671 S.W.2d at 469; *Wells v. Tennessee Bd. of Regents*, 1999 WL 1211480 at * 5 (holding that the chancellor has "broad discretion" in allowing additional evidence during the *de novo* review). In light of our decision to remand this case for application of Tenn. Code Ann. § 49-8-304, we pretermit the remaining issues presented in this appeal.[4]

## IV.

Because this case is before us as an appeal from a decision issued under the UAPA, our exercise of jurisdiction was clearly appropriate. *See* Tenn. Code Ann. § 4-5-323(a). However, our decision to remand so that Tenn. Code Ann. § 49-8-304 may be applied raises jurisdictional questions in any subsequent appeal. Tenn. Code Ann. §49-8-304(d) provides that "[t]he decree of the chancery court will be subject to review by appeal to the supreme court as provided in the Tennessee Rules of Appellate Procedure." Should one of the parties desire further appellate review after remand, a direct appeal to the Supreme Court may be appropriate. *See Wells,* 1999 WL 1211480 at * 3; *Phillips v. State Bd. of Regents*, 863 S.W.2d 45, 47 (Tenn.

---

[3]In his Petition for Review, Professor Stephens requested "[t]hat in those instances of alleged irregularities in discovery and trial procedures before the Agency as set forth herein above, proof thereon be taken in this Court to supplement the record." We interpret this as a request under the UAPA's limited provision for admission of additional evidence in the trial court. *See* Tenn. Code Ann. §4-5-322(g).

[4]For example, Professor Stephens's issue regarding the denial of his discovery request and his inability to present certain evidence can properly be decided by the trial court in the context of a request to present supplemental evidence in that court.

1993).

V.

Accordingly, the judgment of the trial court is vacated and this case is remanded for further proceedings consistent with this opinion. Costs of this appeal shall be taxed to Appellee.

_____
PATRICIA J. COTTRELL, JUDGE

CONCUR:

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M. S.

_____
WILLIAM B. CAIN, JUDGE