**J.M. TUCKER, Archie Richardson, Curtis Owens, Preston W. Carroll, and C.N. Whicker, Plaintiffs/Appellants,**

v.

**HUMPHREYS COUNTY, Tennessee, and Humphreys County Board of Commissioners, Defendants/Appellees.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Nov. 13, 1996.

Permission to Appeal
Denied by Supreme Court April 7, 1997.

---

1. Only the SSA, however, has the authority to decertify a representative payee.

Frank M. Fly, Murfreesboro, Barry Turner, Deputy Attorney, General Environmental Division, Nashville, for Plaintiffs/Appellees.

Keith McCord, McCord, Troutman & Irwin, P.C., Knoxville, Clifford K. McGown, Jr., Waverly, for Plaintiffs/Appellants.

### OPINION

TODD, Presiding Judge.

The complexity of this suit and this appeal is demonstrated by the issues presented on appeal by plaintiffs, which issues are:

I. Whether the Trial Court erred as a matter of law in holding that defendant, Humphreys County, had the authority in May of 1993 to approve or disapprove Plaintiffs' landfill under T.C.A. §§ 68–211–701 through 708 ("Local Approval Law").

II. Whether the action of the Humphreys County Board of Commissioners in voting to disapprove plaintiffs' landfill at a public

hearing called at the request of "interested persons" pursuant to T.C.A. § 68–211–703(e) is null and void and violated T.C.A. § 68–211–704(a) and T.C.A. § 5–5–105 as a matter of law.

III. Whether the failure of the Humphreys County Board of Commissioners to approve or disapprove Plaintiffs' proposed landfill as required by T.C.A. § 68–211–704(a) constituted approval of the landfill as a matter of law, thereby entitling the plaintiffs to proceed with the permitting of the landfill with the Tennessee Department of Environment and Conservation.

IV. Whether the Trial Court erred as a matter of law in holding, at the insistence of the defendant, that the scope of judicial review under T.C.A. § 68–211–704(c) was by common law writ of certiorari (T.C.A. § 27–8–101) rather than a de novo trial on all issues in the chancery court.

V. Whether the Trial Court erred in denying plaintiffs' motion in limine to exclude or limit and restrict the admissibility and use at trial as evidence certain statements and documents which appear in the transcript of the public hearing, in re: *Landfill Proposal*, conducted on May 11, 1993, and thereafter allowed such statements and documents to be introduced as evidence over objections of plaintiffs.

VI. Whether the Trial Court erred as a matter of law in holding that the Humphreys County Board of Commissioners had the discretionary authority to approve or disapprove plaintiffs' landfill under the local approval law.

VII. Whether the Trial Court erred as a matter of law in holding that the defendant, Humphreys County Board of Commissioners, did not act arbitrarily, capriciously, illegally or unreasonably in refusing to approve plaintiffs' proposed landfill under the local approval law.

VIII. Whether the Trial Court erred as a matter of law in failing to find that the plaintiffs were entitled to approval of their landfill under the local approval law based upon the preponderance of the undisputed, admissible, material and relevant evidence and if so, whether the plaintiffs are entitled to a judgment in this court holding that the defendant was required to approve plaintiffs' landfill under the local approval law.

IX. Whether the Trial Court erred in dismissing plaintiffs' claims challenging the constitutionality of the local approval law and T.C.A. § 68–211–105(h) on the grounds that the chancery court lacked subject matter jurisdiction.

X. Whether the local approval law (T.C.A. §§ 68–211–701, et seq.) and T.C.A. § 68–211–105(h) are unconstitutional.

Plaintiff's brief states:

All evidence introduced in the trial court was documentary evidence. No witnesses testified. The material facts are undisputed and were admitted in the pleadings and other documents filed.

Because of this statement the facts stated hereafter will be only those which are supported by citation of pleadings or documents in the record.

As material to the issues presented, the law, facts and procedure were as follows:

T.C.A. §§ 68–211–101 et seq., the Tennessee Solid Waste Disposal Act, vests in the Tennessee Department of Environment and Conservation the authority to regulate, supervise and control solid waste disposal, including the issuance of permits to construct and operate solid waste disposal facilities.

T.C.A. §§ 68–211–701–708, the "Local Approval Law" grants local governing bodies the power to approve or disapprove the construction of private solid waste landfills within their jurisdiction prior to consideration of such landfills by the State authorities if no zoning ordinance is in effect in the jurisdiction and if the governing authority has by 2/3 vote accepted such authority. No zoning ordinance has been adopted in Humphreys County. On December 9, 1991, the defendant Board duly accepted said authority by "Resolution 43."

On February 17, 1993, plaintiffs submitted to the Board an "Application, Public Notice, and Fact Sheet for Proposed Landfill in Humphreys County" and "Preliminary Opinion of Site Feasibility for Private Municipal Solid Waste Facility in Humphreys County."

On April 16, 27 and 30, 1993, defendants duly published notice that a public hearing in respect to said application would be held on May 11, 1993. The notice concluded as follows:

The Purpose of the meeting will be to fulfill the requirements of TCA 68–211–703 et seq. and TDEC 1200–1–7, and to gather facts in order for the Humphreys County Commissioners to make a decision.

1. The Hearing shall be recorded.

2. Any person speaking will come forth, state their name, address, and speak into the microphone.

3. The Humphreys County Commissioners will only be allowed to ask questions of the investors.

4. Each person speaking will be sworn in by the Court Clerk.

5. Each side shall have one designated speaker and shall be allowed one hour each. Then each side shall have an additional fifteen minutes for rebuttal. The Commissioners will then hold their meeting.

On May 7, 1993, the defendants published notice of a Board meeting to be held on May 13, 1993 to consider the following business:

1. Resolution on a $2,200,000. School Capital Outlay Notes

2. Resolution for the Buffalo Mall Project

3. Voting on a private Landfill

At the conclusion of the public meeting on May 11, 1993, the Board voted on a motion to reject the application of plaintiffs. The vote was 11 yeses, 1 nay, one pass, one absent; and the motion was declared carried.

No action was taken on the proposed landfill at the May 13, 1993, meeting.

On June 10, 1993, plaintiffs filed with the State Environment Department an application for approval of the landfill.

On the same date, June 10, 1993, plaintiffs filed the present action against the County and Board.

The complaint sought a declaratory judgment that the action of the Board on May 11, 1993, was null and void, and that the failure of the Board to timely act upon the application constituted an approval; that the Court

grant a de novo review as provided by T.C.A. § 68–211–704(c) and grant the application; and that the Court review the actions of the Board and reverse them as arbitrary, illegal, capricious and discriminatory.

The Board answered admitting the facts alleged but denying plaintiffs' right to relief.

On December 2, 1994, plaintiffs moved for summary judgment. On March 27, 1995, the Trial Court entered an order overruling the motion and stating:

On the issue of whether the de novo review by the Court pursuant to T.C.A. § 68–211–704(c) is limited to a de novo review of the record of the proceedings before the County Commission without the instruction (sic) of additional evidence, or whether the hearing will be completely de novo without regard to the actions taken at the County Commission level, the Court has concluded that the Court will conduct a completely new hearing with each party having the right to present testimony from witnesses and other evidence material to the issues from which the Court will render its decision based upon the evidence presented at the hearing.

On June 21, 1995, in response to a "motion to reconsider," the Trial Court entered an order stating:

1. Plaintiff's oral Motion to Amend the Complaint in this cause to include a challenge to the constitutionality of the Jackson Law is hereby granted.

2. Defendant's Motion to Reconsider the method of Judicial review prescribed by the Jackson Law is hereby granted.

3. The Court holds that the method of judicial review prescribed by the Jackson law shall be by Common Law Writ of Certiorari on the record produced from the Joint Public Hearing and Meeting of the Humphrey County Commission held on May 11, 1993 to determine whether or not the Humphreys County Commission acted illegally or beyond the scope of its authority.

4. Final hearing in this cause is scheduled for October 2, 1995 at 9 a.m.

On August 7, 1995, plaintiffs filed an "Amended and Supplemental Complaint" which added paragraphs to the original complaint. An amended complaint supersedes and replaces the original complaint. In substance, however, the pleading was an "amendment of the original complaint and supplemental complaint." The August 7, 1995 pleading alleged that T.C.A. § 68–211–701 was unconstitutional. Notice of the pleading was served on the Attorney General and Reporter who moved to dismiss because plaintiffs had not exhausted their administrative remedies. The defendants joined in the motion.

A hearing on the motion was held on September 12, 1995. On September 12, plaintiffs filed a "motion in limine" to exclude all evidence offered by opponents of the application at the May 11, 1993, public meeting.

On November 3, plaintiffs filed a "Second amended and Supplement Complaint," alleging that Resolution 43, whereby the Board accepted the Local Approval Law, was invalid. No order is found granting leave for this pleading.

On November 3, 1995, the Trial Judge orally overruled the motion in limine and conducted the final hearing.

On November 6, 1995, the Trial Judge ordered:

It is hereby ORDERED that the Attorney General's motion to dismiss the claims in plaintiff's amended complaint is granted and plaintiffs shall not be permitted to challenge the constitutionality of the "Jackson Law" In this pending action.

On December 26, 1995, the Trial Court entered Final Judgment stating:

The Court finds and concludes that said Resolution No. 43 is valid, has not expired, and is in full force and effect.

It is hereby ORDERED, ADJUDGED AND DECREED that the Complaint filed by Plaintiffs in this cause be, and the same is, here dismissed, the Court having concluded that the Defendant, Humphreys County Commission, did not act illegally, arbitrarily or capriciously in denying approval of Plaintiff's application to construct a private landfill in Humphreys County, Tennessee, on May 11, 1993, and that there is sufficient material evidence in the record to support the Defendants' decision to disapprove the location of the landfill in Humphreys County.

## FIRST ISSUE—*VALIDITY OF RESOLUTION 43.*

Plaintiffs insist that, on December 9, 1991, the date of said resolution, the statutory provision for it had expired. T.C.A. § 68–211–708 provided:

This part shall remain effective until the approval and effective implementation of the plan as set forth in the "Tennessee Solid Waste Planning and Recovery Act," compiled in part 6 of this chapter, or June 30, 1994, whichever shall first occur.

December 9, 1991, occurred before June 30, 1994; hence the only ground to deny the authority of the Board to pass Resolution 43 was the prior "approval and implementation of the plan as set forth in Tennessee Solid Waste Planning and Recovery Act" compiled in Part 6 of this chapter. Part 6 of this chapter is entitled "Solid Waste Planning and Recovery" and is composed of Sections 68–211–601 through 608. Section 68–11–603 requires the state planning office to establish by January 1, 1991, a comprehensive solid waste management plan for the State. It also requires the State and development districts to prepare and adopt regional solid waste plans, but no time frame is prescribed. Succeeding sections provide for development and distribution of guidelines, functions of the Department of General Services, and Department of Transportation, and disposal of batteries.

No evidence is cited or found that, on December 9, 1991, Part 6 of Chapter 211 of Title 68 of the code had been effectively implemented. Plaintiffs insist that Part 6 was effectively implemented by the enactment of Part 8, the "Solid Waste Management Act" (T.C.A. §§ 68–211–801 et seq.) in 1991. Plaintiffs' brief does not explain how Part 8 effectively implemented Part 6, and it is apparent to this Court that it did no do so.

Plaintiffs next insist that the effect of Resolution 43 expired prior to May 11, 1993, because that it stated:

Sections 3 through 6 of Chapter 515 of the Public Acts of 1989, are hereby adopted by the required two-thirds (⅔) vote and shall be operative in accordance with the provisions of Chapter 515 of the Public Acts of 1989 from the time of passage and approval, the public welfare requiring it.

The above discussion of the meaning of the statute disposes of any argument that reference to it created any limitations invalidating the Resolution.

The first issue is resolved in favor of the defendants.

## SECOND ISSUE—*VALIDITY OF ACTION OF BOARD ON MAY 11, 1993.*

Plaintiffs next insist that the action of the Board on May 11, 1993, disapproving plaintiff's application was void because it was not timely executed.

T.C.A. § 68–211–704(a) reads in pertinent part as follows:

**Time limit for determination—Criteria considered**—(a) Within thirty (30) days after notice and an opportunity for a public hearing as provided in § 68–211–703, the county legislative body, the municipal governing body or both such entities shall approve or disapprove the proposed new construction for solid waste disposal by land filling or solid waste processing by land filling.

.        .        .        .        .

"Within 30 days after notice and opportunity for a public hearing" must be interpreted in the light of § 68–211–703.

Pertinent requirements of § 68–211–703 are:

1. Public notice

2. 30 days or more for comments

3. A public hearing if required within the 30 day comment period.

4. 15 days notice of the public hearing.

As above stated, plaintiffs' application was filed with the Board on February 17, 1993,

and the first notice was published by the Board on April 16, some two months later. It may be argued that this was an unreasonable delay, but the statute does not set a time frame for the publication. Thus, this delay does not affect the validity of the action of the Board.

■ The date of the last publication was April 30, which was 11 days before the public hearing, but the first publication on April 16 was some 25 days before the hearing. This was a satisfactory compliance with § 68–211–703.

■ The opportunity for public hearing occurred on May 11, 1993, without undue delay, and the action of the Board took place on the same date, so that it clearly took place within 30 days after opportunity for public hearing and was timely under the statute.

■ Plaintiffs' next complain that the Board was not validly called to meet on May 11, 1993, citing T.C.A. § 5–5–105 as follows:

**Special meeting.**—(a)(1) The county executive has the power to convene the legislative body in special session when, in the county executive's opinion, the public necessities require it.

(2) The call or notice shall specify the objects and purposes for which such special session is called, and no other business but that embraced in such call shall be transacted during such special session.

No prohibition is found against a single notice of a public hearing and a special meeting of the Board on the same subject matter. The notice, quoted above, served the dual purpose of notification of the public and the Board of the hearing and meeting.

No ground of reversal is found in plaintiffs' second issue.

## THIRD ISSUE—*APPROVAL BY INACTION*

Plaintiffs' third issue is predicated upon the premise that the May 11, 1993, action of the Board was invalid. As explained above, this Court finds that it was valid. It is thus unnecessary to discuss the insistence that plaintiffs' application could be automatically approved by failure of the Board to timely disapprove it.

**FOURTH ISSUE—*NATURE OF JUDICIAL REVIEW***

T.C.A. § 68-211-704(c) provides:

Judicial review of the legislative body's determination shall be a de novo review before the chancery court for the county in which the landfill is proposed to be located.

As above indicated, the Trial Judge considered that the "de novo review" provided by § 68-211-704(c) was the limited review allowed by T.C.A. § 27-8-102 which reads as follows:

**27-8-102. Cases in which writ lies.—** Certiorari lies:

(1) On suggestion of diminution;

(2) Where no appeal is given;

(3) As a substitute for appeal;

(4) Instead of audita querela; or

(5) Instead of writ of error.

Plaintiffs insist that the reference to "de novo review" in § 68-211-704(c) implies a broader review, involving a new trial before the Court of all issues presented to the Board.

The expression "de novo" has varied meanings in different contexts. An appeal from General Sessions Court to Circuit Court involves a complete new trial of the issues without reference to evidence introduced in General Sessions Court unless re-introduced on appeal. See *Teague, Extx. v. Gooch,* 206 Tenn. 291, 333 S.W.2d 1 (1960); *Hohenberg Bros. Co. v. Missouri, Pac. R. Co.,* Tenn.App. 1979, 586 S.W.2d 117. Apparently plaintiffs' desire such a review. To grant such a judicial review in the present case would substitute the discretion of the courts for that of the County Commissioners, which is clearly not the legislative intent.

The expression, "de novo" is used in provisions for appeals from certain boards and commissions. In *Frye v. Memphis State University,* Tenn.1984, 671 S.W.2d 467, a tenured faculty member sought statutory "de novo review" of his discharge. The Trial Court limited the evidence to that which showed illegal, arbitrary or capricious conduct of the administrative agency, and excluded evidence of veracity and credibility of testimony before the agency. The Supreme Court reversed and said:

In affirming the decision of the administrative body, the Chancellor noted that issues of veracity and credibility of the witnesses were involved, and that there was conflicting evidence on several points. He specifically declined to review such issues or to "substitute my judgment" for that of the hearing committee and the university officials.

In our opinion this was error. "de novo judicial review in this statute and context means a new hearing in the chancery court based upon the administrative record and any additional or supplemental evidence which either party wishes to adduce relevant to any issue.[1] The Chancellor may, of course, confine new evidence to that which is truly supplemental or additional and is not required to hear all of the evidence anew if he does not find this necessary. Otherwise there would be little need for the administrative transcript. However, he may permit introduction of any and all evidence which he deems necessary to enable him to dispose of the issues presented.

On remand, the parties should be allowed to put on any additional or supplemental proof which they desire, relevant to any of the issues. The Chancellor should then review both the administrative record and any additional evidence brought before him and determine the weight of evidence and its preponderance, including the credibility and veracity of witnesses. He must then decide whether cause for termination is shown "by clear and convincing evidence in the record considered as a whole...."

---

1. This does not necessarily mean a complete repetition of all of the evidence, because obviously the administrative record is required to be transcribed and transmitted. T.C.A. § 49-8-304(b). "Review" rather than "trial" is the wording used in the statute. T.C.A. § 49-8-304(a). But it does not specify de novo review "confined to the administrative record" nor does it provide for review merely by some form of certiorari. *Cf.* Rule 13(d) T.R.A.P. where review in appellate courts in non-jury cases is "de novo

T.C.A. § 49–8–303(a)(4).[2]

upon the record of the trial court" unless otherwise provided by statute.

[2.] Cf. Case v. Carney, 213 Tenn. 597, 376 S.W.2d 492 (1964). There statutes provided for "trial de novo" in the "certiorari" review of beer license proceedings. T.C.A. § 57–5–109(d). Where the record clearly showed that a more narrow review was accorded, the cause was remanded with instructions to the Chancellor "to weigh the evidence." 213 Tenn. at 607, 376 S.W.2d 492.

The fact that the legislature saw fit to authorize de novo judicial review is persuasive evidence that the authority conferred upon the defendant Board was administrative and not legislative.

Plaintiffs' argue that the Trial Court failed to follow the formula of *Frye v. Memphis State University*, which involved the discharge of a tenured teacher. T.C.A. § 49–8–303(a)(4) prescribed the "clear and convincing standard" which is not applicable to the present case. *Case v. Carney*, 213 Tenn. 597, 376 S.W.2d 492 (1964) was a certiorari from the denial of a beer license by a city beer board under T.C.A. § 57–298(d) which provided:

(D) The action of such agency in connection with the issuance of any order of any kind, including the revocation or suspension of a license or permit or the refusal to grant a license or permit under §§ 57–5–105, 57–5–108 and this section, may be reviewed by statutory writ of certiorari, with a trial de novo as a substitute for an appeal, the petition of certiorari to be addressed to the circuit or chancery court of the county in which any such order was issued.

In the cited opinion the Supreme Court said:

(7) In the case at bar, the opinion and decree of the Chancery Court show affirmatively that the Chancellor did not weigh the evidence before him, but simply found that the Board did not act "illegally, arbitrarily, capriciously and unreasonably" in refusing to issue the permit.

Under T.C.A. sec. 57–209, the appellant was entitled to a trial de novo and was entitled to have the Chancellor weigh the evidence and decide the case upon the merits without regard to what action the Board may have taken on this application.

Therefore, the petitioner has not had the Judicial review of his application for a license to which he is entitled under the existing law.

The case is reversed and remanded to the Chancery Court of Davidson County to the end that a trail de novo of the issues be had upon such proof as the appellant and the appellees may desire to introduce pursuant to the provisions of T.C.A. sec. 27–911.

Code Section 27–911 (now 27–9–111), is part of Title 27, Chapter 9 entitled "Review of Boards and Commissions," pertinent portions of which are:

**Right of review.**—Anyone who may be aggrieved by any final order or judgment of any board or commission functioning under the laws of this state may have said order or judgment reviewed by the courts, where not otherwise specifically provided in the manner provided by this chapter.

**Hearing–Findings.**—(a) At the expiration of ninety (90) days from the filing of said transcript, the cause shall stand for trial, and shall be heard and determined at the earliest practical date, as one having precedence over other litigation, except suits involving state, county or municipal revenue.

(b) The hearing shall be on the proof introduced before the board or commission contained in the transcript, and upon such other evidence as either party may desire to introduce; provided, that all proof shall be taken and filed within seventy-five (75) days from the date upon which the transcript was filed, and said period for taking depositions shall not be extended by the court without application made in writing, under oath, showing good cause for the extension or continuance.

Under § 27–9–111, a person aggrieved by the action of a beer board had the sole remedy by the circuit or chancery court by the statutory writ of certiorari with trial de novo as a substitute for appeal with the cause being tried as if it had originated in said court, and the Trial Judge is required to make an independent judgment for that of

the board. *Cantrell v. DeKalb County Beer Board*, 213 Tenn. 568, 376 S.W.2d 480 (1964).

This is the relief requested by the plaintiffs in the present case, but this is not a beer board case, and is not subject to the provisions of the code provisions for review of beer board cases where the applicant has a right to a license unless specified facts exist, and judicial review de novo reviews the question of whether such prohibitory facts exist.

The present case presents a different situation wherein the statute requires the Board to consider specified criteria, but does not confer upon the applicant the right to a permit if one or more prohibitory conditions exist.

Nevertheless, the "substantial and material evidence rule" and the "arbitrary or capricious rule" require that some substantial reason be proven for refusing the permit before the Board may validly refuse the permit. T.C.A. § 68–211–704(c) requires the reviewing court to consider all evidence presented to the Board, plus any relevant evidence presented to the Court and to decide de novo the factual question of whether a fact or facts exist which justified the Board in refusing the permit. Upon appeal (T.R.A.P. Rule 13(d)) this Court has considered all relevant evidence presented to the Board and the Trial Court, and has determined from a preponderance of all the evidence that facts exist which justify the denial of the permit. This action of this Court corrects any error of the Trial Court pointed out in the fourth issue.

## FIFTH ISSUE—*THE MOTION IN LIMINE*

Plaintiffs argue:

*After the Trial Court ruled that the scope of judicial review would be limited to a review of the public hearing, Plaintiffs filed a motion in limine to restrict or exclude all statements and information provided by opponents of the landfill at the public hearing from being introduced and considered as evidence at trial. The Trial Court overruled the motion.*

Apparently, plaintiffs' argument is that the motion in limine was precipitated or made necessary by the Trial Court's refusal to consider any evidence not heard by the Board. However, this argument is not made an issue on appeal and is not otherwise supported in Plaintiffs' brief.

*Frye v. Memphis State University* requires the consideration of other evidence not presented to the agency for stated purposes. If this was not allowed, the remedy of plaintiffs was to tender any desired evidence and thereby preserve it for consideration on appeal, *Cothron v. Cothron*, 21 Tenn. App. 388, 110 S.W.2d 1054 (1937). It does not appear that any such evidence was so tendered.

Instead, plaintiffs complain of the overruling of their motion in limine and their objections to certain evidence in the record of the public hearing, which evidence is summarized in plaintiffs' brief as follows:

In summary, the information presented by Defendant consisted of a petition in opposition containing 7000 signatures (Ex. 60); 144 letters (Ex. 58); 197 questionnaires obtained by Bucksnort Riding Stables (Ex. 59); 6 assorted "flyers" and newspaper articles (Exs. 39, 40, 47, 49 & 62); 2 resolutions from adjoining counties (Exs. 41 & 55); and the CAP's Anti–Proposal (Ex. 37) consisting of various letters, opinions, conclusions and expressions of fear about the landfill.

When the information is examined, it will be immediately obvious that it cannot be considered as relevant evidence admissible in a judicial proceeding on the issues in this litigation.

Defendants respond as follows:

Thus, the only remaining duty of this Court is to examine the administrative record to determine if the comments, reports, testimony, and exhibits offered in opposition to the landfill contained therein do in fact address the eight criteria listed in TCA 68–211–704, and then decide whether the decision based thereon was clearly illegal, arbitrary, or capricious.

It is not necessary to repeat or summarize said evidence is included in the record and exhibits before the Court.

■ The items listed in the above quotation from plaintiffs' brief have not been considered because, in general, they appear to be irrelevant, and defendants point out no part of their content which would be relevant. Plaintiffs argue that the exclusion of this evidence produces a record which is void of substantial and material evidence.

Other parts of the administrative record which contain substantial and material evidence are:

Dr. William Calvin James, a professor of geological science, testified that particular topography of the proposed location of the landfill presented potential leakage problems.

Dr. Eugene T. Lampley, an experienced soil scientist, testified that the engineering reports in the record indicate that the soil permeability, ground water activity and stream flow render the area unsuitable for a land fill.

3. A licensed real estate broker testified that land values within a two or three mile radius of the land fill could be devalued up to 60%.

4. Jack Hobbs testified of the impact of pollution of a tributary of a creek which is stocked with trout by a state agency.

5. Joe Nunes testified as to the loss of tourism business from the construction of the landfill.

6. Sanders James testified as to the reluctance of natives to remain in the county after completing their education if the landfill is built.

7. Ken Stacy, a resident within one mile of a landfill in another county, testified regarding heavy traffic, spilled garbage, and muddy streams in the area of the landfill in his county.

17. The Road Engineer of an adjoining county testified of the cost of maintaining roads used for access to a landfill.

20. The City Manager of a nearby city testified that his city had been approached regarding accepting the "leachate" from the proposed landfill, but had not agreed to do so.

Plaintiffs presented testimony contradictory of the above. However, this Court finds from the whole record that the decision of the Board is supported by substantial and material evidence.

## SIXTH ISSUE—*DISCRETIONARY AUTHORITY*

Plaintiffs take issue with the insistence of defendants that they have unlimited discretionary authority to veto any proposal for a landfill without regard to its merits or lack of merit. Such authority would be legislative in nature. As previously indicated, this Court holds that the authority of the Board in this instance is administrative rather than legislative, and has further found that the decision is supported by substantial and material evidence.

Plaintiffs cites authority that total exclusion of any and all landfills in a county is illegal. There is no evidence that the defendants have totally excluded landfills from Humphreys County.

## SEVENTH ISSUE—*ARBITRARY, CAPRICIOUS, ILLEGAL UNREASONABLE CONDUCT*

Having found material and substantial evidence to support the decision, this Court finds that it is not arbitrary, capricious, illegal or unreasonable.

Plaintiffs complain that the criteria upon which the opinions of Mr. James and Lampley were irrelevant because not based upon the criteria to be considered under T.C.A. § 68–211–704(b), which states:

(b) The following criteria shall be considered in evaluating such construction:

(3) The projected impact on surrounding areas from noise and odor created by the proposed landfill;

(4) The projected impact on property values on surrounding areas created by the proposed landfill;

(6) The economic impact on the county, city or both; and

(7) The compatibility with existing development or zoning plans.

The criteria of the challenged witnesses is included within the statutory criteria.

## EIGHTH ISSUE—*APPROVAL OR DIS-APPROVAL OF APPLICATION*

This Court finds no ground to reverse the decision of the Board disapproving the application.

## NINTH ISSUE—*DISMISSAL OF CONSTITUTIONAL CHALLENGE*

As previously stated, the Attorney General and Reporter defended the challenge to the constitutionality of the Local Approval Law by asserting that the plaintiffs have not exhausted their administrative remedy.

T.C.A. § 4–5–223, a part of the Administrative Procedure Act, provides for declaratory judgments by administrative agencies, but § 4–5–106 provides that the act shall not apply to county and municipal boards, commissions, committees, departments or officers. The authority cited in support of the motion involved a state board and not a county agency.

Plaintiffs insist that the Local Approval Law inherently conflicts with the Solid Waste Act and the public policy provisions thereof including the creation of the Tennessee Department of Environment and Conservation, but do not outline the specific conflicts relied upon.

 Plaintiffs insist that the Local Approval Law violates the Commerce Clause of the United States Constitution in that it exempts municipal and county owned or operated landfills. There is no showing that interstate commerce is impeded by the exemption of governmentally owned or operated landfills.

Plaintiffs allege that the application of the law in the present case creates an unconstitutional discrimination against out-of-state interests which may wish to import waste from other states. The record does not support such an allegation.

The clear purpose of the law is to grant to the local legislative authority the administrative review of all applications for permission to create landfills. In the very nature of the case, the Board would be required to make the same decision before owning or operating a landfill itself.

There is evidence in this record that landfills are capable of producing widespread and serious damage. Close control of location and construction is justified in the public interest. The legislative has seen fit to grant county and city agencies a voice in the allowance of landfills in their jurisdiction. Nothing unconstitutional is found in this plan.

The judgment of the Trial Court and the resolution of the defendant Board are affirmed. The cause is remanded to the Trial Court for any necessary further procedures. Costs of this appeal are assessed against the appellants and their surety.

**AFFIRMED AND REMANDED**

LEWIS and CANTRELL, JJ., concur.