# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### September 8, 2004 Session

## TENNESSEE WASTE MOVERS, INC. v. LOUDON COUNTY, ET AL.

**Appeal by Permission from the Court of Appeals**
**Chancery Court for Loudon County**
**No. 10100      Frank V. Williams III, Chancellor**

---

**No. E2002-02490-SC-R11-CV - Filed March 18, 2005**

---

We granted review in this case to determine the proper standard of review required by Tennessee Code Annotated section 68-211-704(c) (1996). We hold that the de novo review required by Tennessee Code Annotated section 68-211-704(c) requires the trial court to conduct an independent evaluation of all of the evidence before it. We overrule Tucker v. Humphreys County, 944 S.W.2d 613 (Tenn. Ct. App. 1996), upon which the Court of Appeals relied, and reverse the judgment of the Court of Appeals. We remand this case to the chancery court for a review of the county commission's findings using the proper de novo standard as required by Tennessee Code Annotated section 68-211-704(c) and this decision.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed;**
**Remanded to the Trial Court**

JANICE M. HOLDER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON and WILLIAM M. BARKER, JJ., and J.S. DANIEL, SP.J. joined.

Jennifer Lynn Brundige, Michael D. Pearigen, and William Harris Farmer, Nashville, Tennessee, for the Appellant-Petitioner, Tennessee Waste Movers, Inc.

John C. Burgin, Jr., and Edwin Hope Rayson, Knoxville, Tennessee, and Harvey L. Sproul, Lenoir City, Tennessee, for the Appellee-Respondents, Loudon County, Tennessee and Loudon County Commission.

## OPINION

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Tennessee Waste Movers, Inc. ("TWM") owns and operates an eleven-acre landfill in the Matlock Bend Industrial Park in Loudon County. In July 2001, TWM filed an application with the Loudon County Commission ("the Commission") requesting permission to expand the existing

landfill operation horizontally by twelve acres. The requested expansion would extend the life of the landfill by ten years.

At public hearings held on September 13 and October 1, 2001, a developer whose land adjoins the proposed landfill's boundary objected to the expansion. Real estate experts testified regarding the economic effect the landfill would have on real estate values. Following the hearing, the Commission denied TWM's request, finding that TWM's requested expansion would expose a planned golf community to the unsightly landfill, would adversely affect property values, and would negatively impact tax revenues. TWM appealed to the chancery court pursuant to Tennessee Code Annotated sections 27-8-102 (2000) (statutory writ of certiorari) and 68-211-704(c) (1996) ("the Jackson Law").

Reviewing the Commission's ruling, the chancellor considered the evidence presented to the Commission and also allowed the parties to present additional evidence. The chancellor stated that he would have permitted the expansion had he heard the case initially because the "proposed landfill produces no offensive odors" and could be screened from the development. In addition, the proposed expansion would cause fewer problems than existing operations in the industrial park.

Despite these observations, the chancellor denied TWM's application, stating, "I'm not inclined to jump in and start substituting my personal opinion for the opinion of the [Commission] simply because had I been personally judging those facts, I would have found in favor of [TWM]." The Court of Appeals affirmed the trial court, relying upon the standard of review set forth in its decision in Tucker v. Humphreys County, 944 S.W.2d 613 (Tenn. Ct. App. 1996), and holding that the trial court "correctly refused to substitute its independent judgment for that of the Commission." We granted review.

## II. ANALYSIS

Tennessee Code Annotated section 68-211-701 et seq. (1996), commonly referred to as "the Jackson Law," details the manner in which new landfills are to be built in Tennessee. The county commission approves the plans for any new landfill and must consider eight specific criteria in considering the request for approval. Tenn. Code Ann. §§ 68-211-701, -704(b).[1] Judicial review

---

[1] Tennessee Code Annotated section 68-211-704(b) (1996) states:

(b) The following criteria shall be considered in evaluating such construction:

(1) The type of waste to be disposed of at the landfill;
(2) The method of disposal to be used at the landfill;
(3) The projected impact on surrounding areas from noise and odor created by the proposed landfill;
(4) The projected impact on property values on surrounding areas created by the proposed landfill;
(5) The adequacy of existing roads and bridges to carry the increased traffic projected to result from the proposed landfill;
(6) The economic impact on the county, city, or both;
(7) The compatibility with existing development or zoning plans; and

of the commission's determination "shall be a *de novo review* before the chancery court for the county in which the landfill is proposed to be located."  Tenn. Code Ann. § 68-211-704(c) (1996) (emphasis added).

## A.  Meaning of De Novo Review

The scope of review in this case is provided by the Jackson Law itself, which states that "[j]udicial review of the legislative body's determination shall be a de novo review before the chancery court for the county in which the landfill is proposed to be located."  Tenn. Code Ann. § 68-211-704(c) (1996).  We find the statutory language to be unambiguous and clear on its face.  Therefore, we must interpret the statute in accordance with the plain and ordinary meaning of its language.  See Galloway v. Liberty Mut. Ins. Co., 137 S.W.3d 568, 570 (Tenn. 2004); Gleaves v. Checker Cab Transit Corp., 15 S.W.3d 799, 802-03 (Tenn. 2000).  "If the words of a statute plainly mean one thing they cannot be given another meaning by judicial construction."  Henry v. White, 250 S.W.2d 70, 72 (Tenn. 1952).

We now look to the plain meaning of the words "de novo."  Black's Law Dictionary defines "de novo judicial review" as a "nondeferential review of an administrative decision, usually through a review of the administrative record plus any additional evidence the parties present."  Black's Law Dictionary 864 (8th ed. 2004).  This Court has held that a de novo review in the circuit court requires the case to be tried as if it had originated there.  Odle v. McCormack, 206 S.W.2d 416, 419 (Tenn. 1947) (citation omitted); see also Cooper v. Alcohol Comm'n. of Memphis, 745 S.W.2d 278, 281 (Tenn. 1988) (holding that "[a] hearing de novo requires the trial court to reconsider and redetermine both the facts and the law from all the evidence as if no such determination had been previously made").  The scope of the chancery court's de novo review required by statute is "not confined to a determination of whether the evidence preponderates in favor of the determination of the administrative board and no presumption of correctness attaches to the decision."  Cooper v. Williamson County Bd. of Educ., 746 S.W.2d 176, 181 (Tenn. 1987); accord Van Hooser v. Warren County Bd. of Educ., 807 S.W.2d 230, 236 (Tenn. 1991).  Furthermore, we have held that a trial court erred by "limiting the proof to the issue of whether the administrative proceedings were illegal, arbitrary, or capricious."  Frye v. Memphis State Univ., 671 S.W.2d 467, 469 (Tenn. 1984).

We have also held that the reviewing court is not limited to the administrative record.  A statute requiring de novo judicial review means "a new hearing in the chancery court based upon the administrative record and any additional or supplemental evidence which either party wishes to adduce relevant to any issue."  Id.  We have interpreted other statutes calling for a de novo review to require that "the chancellor base[] his ruling on the evidence presented to him at trial, de novo," and that "the chancellor must substitute his judgment for that of the [administrative] board."  Van Hooser, 807 S.W.2d at 236-37 (citation omitted); accord Frye, 671 S.W.2d at 469.

Although the Jackson Law mandates that chancery courts conduct a de novo review, the only

---

(8) Any other factor which may affect the public health, safety or welfare.

published Tennessee case interpreting the standard of review under the Jackson Law has concluded otherwise. Thus, we now turn to an examination of Tucker.

## B. The Tucker Decision

The plaintiffs in Tucker submitted a request for a permit to construct a landfill to the defendant commissioners. Tucker, 944 S.W.2d at 615. The Board rejected the plaintiffs' request, and the plaintiffs appealed to the local chancery court. Id. at 616. The trial court stated that it would conduct a new hearing with each party having the right to present testimony and other evidence material to the issues. No hearing was held, however, and the chancellor instead ruled "that the method of judicial review prescribed by the Jackson [l]aw shall be by Common Law Writ of Certiorari on the record" of the Commission meeting "to determine whether or not the . . . Commission acted illegally or beyond the scope of its authority." Id.

The Court of Appeals concluded that "de novo review" of the denial of a landfill permit allows the parties to present additional or supplemental proof but does not permit the trial court to substitute its judgment for that of the county commission. Id. at 619. The intermediate appellate court held that de novo review was required only as to "the factual question of whether a fact or facts exist which justified the Board in refusing the permit." Id. at 621.

We take this opportunity to overrule Tucker's interpretation of the standard of review required by the Jackson Law and to clarify that the standard of review is not dependent upon the standards of review required by either the common law writ of certiorari or the statutory writ of certiorari.[2] We recognize that TWM properly filed its appeal under a statutory writ of certiorari and that the statutory writ may provide for a form of trial de novo. However, "the meaning of 'trial de novo' in each statute is . . . dictated by the wording and context of the statute in which it appears and by the nature of the administrative body, decision and procedure being used." Cooper, 746 S.W.2d at 179. In this case the Jackson Law sets forth the standard of review and requires a de novo review in landfill permit cases. We hold that the "de novo review" required by the Jackson Law permits the trial court to consider any new evidence and requires the trial court to consider the facts and determine the law as if no prior determination had been made. See Cooper, 745 S.W.2d at 281; Odle, 206 S.W.2d at 419. We overrule Tucker and reiterate that de novo review under the Jackson Law requires the exercise of the chancellor's independent judgment in reviewing the county commission's decision.

---

[2] Under a common law writ of certiorari, the scope of review is limited to a determination of whether "the administrative body acted within its jurisdiction, or acted arbitrarily, capriciously, or illegally" and generally does not extend to a redetermination of the facts found by the administrative body. Cooper, 746 S.W.2d at 179. A statutory writ of certiorari is authorized to correct an inferior tribunal's errors of fact and law and provides for a form of a trial de novo. Boyce v. Williams, 389 S.W.2d 272, 276 (Tenn. 1965). The question of whether an appeal of an administrative body's decision falls within a common law or statutory writ of certiorari can be a complex one. See Ben H. Cantrell, Review of Administrative Decisions, 4 Mem. St. U.L. Rev. 19 (1973).

## III. CONCLUSION

The plain meaning of Tennessee Code Annotated section 68-211-704(c) (1996) requires a de novo review by the chancery court unrestricted by any deference to the county commission's decision. We overrule Tucker v. Humphreys County and hold that de novo review under the Jackson Law requires a new trial and the exercise of the chancellor's independent judgment in reviewing the Commission's decision. Accordingly, we reverse the judgment of the Court of Appeals and remand the case to the trial court. On remand, the trial court shall make an independent determination that is untainted by the county commission's prior decision.

Costs of this appeal are taxed to the appellees, Loudon County and Loudon County Commissioners, Inc., and their sureties, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE