IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 8, 2023 Session

## ADAM T. HUFFSTUTTER v. METROPOLITAN HISTORICAL ZONING COMMISSION OF THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY

**Appeal from the Chancery Court for Davidson County**
**No. 21-731-IV          Russell T. Perkins, Chancellor**

_____

### No. M2022-00850-COA-R3-CV

_____

The appellant is a property owner who sought review of a decision by the Metropolitan Historic Zoning Commission by filing a petition for writ of certiorari in chancery court. The chancery court affirmed the decision of the Historic Zoning Commission. The appellant property owner appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Dan E. Huffstutter, Nashville, Tennessee, for the appellant, Adam T. Huffstutter.

Paul Jefferson Campbell, II, Assistant Metropolitan Attorney, Nashville, Tennessee, for the appellee, Metropolitan Historic Zoning Commission.

## OPINION

### I.    FACTS & PROCEDURAL HISTORY

On March 17, 2021, the Metropolitan Historic Zoning Commission voted on several matters pertaining to 3707 Richland Avenue, a historic home owned at that time by Dan Huffstutter. The Historic Zoning Commission voted to disapprove Mr. Huffstutter's application for demolition of the historic home, finding that Mr. Huffstutter had created his

own economic hardship.[1]  Next, the Historic Zoning Commission voted to rescind an existing permit for construction of an addition to the home, finding that foundation work had been performed outside the scope of the permit for the addition.  Mr. Huffstutter had retained an engineer to devise a plan for lowering the floor of the home to provide additional living space, but the methods employed by Mr. Huffstutter's contractor during the foundation work jeopardized the overall structural stability of the home.  Thus, the Historic Zoning Commission also voted to require reconstruction of the home using original materials and historic images, with specific conditions.  The following day, Metro's Historic Zoning Administrator sent a letter to Mr. Huffstutter providing a list of items that had to be submitted to the Historic Zoning Commission, in connection with the plan for reconstruction of the home, by April 2, 2021.  The letter concluded by stating, "Pursuant to the provisions of § 2.68.030 of the Metropolitan Code of Laws, you may appeal the MHZC's decision to the Chancery Court of Davidson County or the Circuit Court of Davidson County via a statutory writ of certiorari."

On May 28, 2021, Mr. Huffstutter's son, Adam Huffstutter, submitted an application to the Historic Zoning Commission for demolition of the same home, 3707 Richland Avenue, on the basis of economic hardship.  The documents submitted in support of the application were largely the same as those that had been submitted in support of Mr. Huffstutter's application, but Adam Huffstutter also included a quitclaim deed indicating that Mr. Huffstutter had conveyed the property to him for zero dollars on May 24, 2021.

The Historic Zoning Commission held a meeting on June 16, 2021.  After some discussion amongst the members of the Historic Zoning Commission, they unanimously voted to treat Adam Huffstutter's application as a request for a rehearing (rather than an

---

[1] Tennessee Code Annotated section 13-7-407 provides:

(a) All applications for permits for construction, alteration, repair, rehabilitation, relocation or demolition of any building, structure or other improvement to real estate situated within a historic zone or district shall be referred to the historic zoning commission or the regional historic zoning commission, which shall have broad powers to request detailed construction plans and related data pertinent to thorough review of the proposal.  The historic zoning commission or the regional historic zoning commission may also be authorized to review the construction, alteration, rehabilitation, relocation or demolition of any building, structure or other improvement on real property, whether privately or publicly owned, which is situated in a historic district or zone, and for which a permit is not required.  No construction, alteration, repair, rehabilitation, relocation or demolition of any building, structure or other improvement to real property situated within a historic district or zone, for which the historic zoning commission or the regional historic zoning commission has been granted the authority to review and to grant or deny a certificate of appropriateness, shall be performed without the issuance of a certificate of appropriateness. (b) The governing board of any municipality may enact an ordinance to prevent the demolition by neglect of any designated landmark or any building or structure within an established historic zone or district.  Such ordinance shall provide appropriate safeguards to protect property owners from undue economic hardship.

original application) and to deny the request for rehearing. Adam Huffstutter then filed a petition for writ of certiorari in chancery court. He asserted that he had filed only one original application before the Historic Zoning Commission, and therefore, the Commission acted unlawfully, illegally, and arbitrarily by refusing to conduct a hearing on his application. The petition asked the chancery court to "hear this cause pursuant to a common law writ of certiorari."

The chancery court issued a writ of certiorari directing the Historic Zoning Commission to forward the administrative record to the court for review. Adam Huffstutter filed a brief, which framed the issue before the chancery court as whether the Historic Zoning Commission improperly denied him a hearing on his application. Metro also filed a brief. It argued that the chancery court's review of decisions of the Historic Zoning Commission is by statutory certiorari pursuant to Tennessee Code Annotated section 13-7-409, which provides:

> Anyone who may be aggrieved by any final order or judgment of the historic zoning commission or regional historic zoning commission may have such order or judgment reviewed by the courts by the procedure of statutory certiorari, as provided in title 27, chapter 8.

Thus, Metro contended that the chancery court was required to review the administrative record and any evidence offered by the parties on a de novo basis, rather than the more narrow scope of review permissible under a common law writ of certiorari. Still, Metro argued that the Historic Zoning Commission had proceeded appropriately by considering the matter at its meeting, treating it as a rehearing request pursuant to its own rules of procedure, and denying it. In sum, Metro asked the chancery court to affirm the decision of the Historic Zoning Commission.

After a hearing, the chancery court entered a final order on May 23, 2022. At the outset, the chancery court stated that appeals from decisions of the Historic Zoning Commission are by statutory certiorari pursuant to Tennessee Code Annotated section 13-7-409, and therefore, its review was de novo. After a lengthy recitation of the procedural history of the matter, and its factual findings, the chancery court framed the issue before it as "whether the Commission erred in considering Mr. Adam Huffstutter's Application as one for rehearing rather than a new application." Initially, the chancery court noted that courts defer to an agency's interpretation of its own rules and regulations. The court noted the Historic Zoning Commission's conclusion that its review was tied to the property, not the particular owner or applicant.[2] The chancery court concluded that this interpretation "was neither erroneous nor inconsistent with the regulation." The court stated that the

---

[2] The instructions accompanying the permit application state, "The Economic Hardship process is to determine the economic hardship as it relates to the cost associated with the property, not the financial stability of the property owner."

permit for the addition to the property had remained in effect despite a previous conveyance, thus the court found it "logically follows" that the Commission's March 17, 2021 decision would likewise remain effective and applicable to the property regardless of the transfer to Adam Huffstutter. The court found that the Historic Zoning Commission was asked to consider "a nearly identical application" to the one it had already considered and decided. It pointed out that the property was not sold to Adam Huffstutter but rather transferred by quitclaim deed. Finally, the Historic Zoning Commission noted that the property transfer was to Mr. Huffstutter's son, who accepted the quitclaim deed knowing the condition of the property and that his father's request for demolition had been denied just two months earlier. Considering all of these circumstances, the chancery court concluded that the Historic Zoning Commission did not err in considering Adam Huffstutter's application as one for rehearing and denying it. The court noted that the Historic Zoning Commission's rule was not to rehear a case unless there was information that could not have been available at the time of the previous hearing, and the application submitted by Adam Huffstutter was largely the same as that submitted by his father.

Adam Huffstutter timely filed a notice of appeal to this Court.

## II.   ISSUES PRESENTED

Adam Huffstutter presents the following issues for review on appeal, which we quote from his brief:

1.   Is a common law writ of certiorari available to landowner seeking review of a Metropolitan Historic Zoning Commission's (herein "MHZC") action?

2.   The trial court granted landowner's petition for a common law writ of certiorari review of the MHZC action, but was error committed when the judicial review was statutory certiorari?

3.   Did MHZC's procedural act of treating landowner's application for a preservation permit as a rehearing request, deny landowner of his due process right to a hearing on his application for a preservation permit?

Metro presents the following issues for review:

1.   Whether, by raising it for the first time on appeal, Petitioner waived his argument that the Chancellor committed error by conducting judicial review under the standard for a statutory writ of certiorari rather than that of a common law writ?

2.   Whether Petitioner has waived his new due process challenge to the underlying decision because it was not raised below and his briefing insufficiently addresses the issue?

3.   Whether the Chancellor was correct in affirming the Commission's

- 4 -

decision to treat Petitioner's application as a request for a rehearing rather than as a new application where his father exceeded the scope of a permit for an addition, undermined the stability of the home's foundation, was denied a permit to demolish the home, then quitclaimed the home to Petitioner who then asked the Commission to consider a nearly identical application to the one it had already considered and rejected?

4. Whether, under the circumstances mentioned above, Petitioner has unclean hands?

For the following reasons, we affirm the decision of the chancery court.

## III. DISCUSSION

### A. *Common Law versus Statutory Writ of Certiorari*

We will begin with the first two issues raised by Adam Huffstutter. He claims that he intentionally sought review pursuant to the common law writ of certiorari and therefore the trial court erred in conducting judicial review pursuant to the statutory writ of certiorari.

"When the Tennessee General Assembly empowers state or local government entities to make decisions affecting the rights of citizens, it has the authority and discretion to prescribe the procedure for obtaining judicial review of these decisions." *Brundage v. Cumberland Cnty.*, 357 S.W.3d 361, 369 (Tenn. 2011). "The General Assembly has, in different contexts, prescribed the use of common law writs of certiorari, statutory writs of certiorari, the Uniform Administrative Procedures Act, and declaratory judgments." *Id.* (footnotes omitted).

Tennessee Code Annotated section 13-7-409 provides that "[a]nyone who may be aggrieved by any final order or judgment of the historic zoning commission or regional historic zoning commission may have such order or judgment reviewed by the courts by the procedure of statutory certiorari, as provided in title 27, chapter 8." This Court has discussed section 13-7-409 in only a couple of cases. In *MJM Real Estate Investments, LLC v. Metropolitan Government of Nashville and Davidson County*, No. M2017-01166-COA-R3-CV, 2018 WL 1560650, at *1 (Tenn. Ct. App. Mar. 29, 2018), a chancery court had reviewed a decision of the Metropolitan Historic Zoning Commission pursuant to a statutory writ of certiorari, and this Court reviewed the chancery court's decision on appeal. With respect to section 13-7-409, we explained,

Tenn. Code Ann. § 13-7-409 states that "[a]nyone who may be aggrieved by any final order or judgment of the historic zoning commission . . . may have such order or judgment reviewed by the courts by the procedure of statutory certiorari." A chancery court's review under the statutory writ is by trial de

novo. *McCallen v. City of Memphis*, 786 S.W.2d 633, 638 (Tenn. 1990). Here, "de novo" means that the chancery court's review is not limited to the administrative record. *Tennessee Waste Movers, Inc. v. Loudon County*, 160 S.W.3d 517, 520 (Tenn. 2005). The chancery court holds a new hearing "based upon the administrative record and any additional or supplemental evidence which either party wishes to adduce relevant to any issue." *Id.* (quoting *Frye v. Memphis State Univ.*, 671 S.W.2d 467, 469 (Tenn. 1984)). If the trial court makes the required findings of fact, appellate courts review the trial court's factual findings de novo upon the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. *Kelly v. Kelly*, 445 S.W.3d 685, 692 (Tenn. 2014) (citing Tenn. R. App. P. 13(d)). Appellate courts review questions of law de novo with no presumption of correctness. *Id.*

*Id.* at *3.

This Court also discussed Tennessee Code Annotated section 13-7-409 in *Metropolitan Government of Nashville and Davidson County v. RSF Investors, LLC*, No. M2016-02221-COA-R3-CV, 2017 WL 2996753 (Tenn. Ct. App. July 14, 2017). That case was not an appeal arising from a petition for writ of certiorari. *Id.* at *1. Instead, it arose from an enforcement action in the form of a civil warrant filed by Metro in general sessions court, seeking an injunction requiring removal of plastic panels at the subject property that did not comply with an existing permit. *Id.* at *1-2. The case was eventually appealed to the circuit court and to this Court. *Id.* at *2. On appeal, the property owner argued that the Commission had no authority to regulate the installation of such panels, and in response, Metro argued that "the exclusive means for [the property owner] to challenge the Commission's final order was through a petition for a statutory writ of certiorari and, because [the owner] failed to file a petition for certiorari, it is barred from challenging the Commission's authority to regulate the installation." *Id.* at *7. In that context, this Court stated the following regarding section 13-7-409:

> *Tenn. Code Ann. § 13-7-409 states that anyone who may be aggrieved by a final order of the historic zoning commission must challenge the decision through a statutory certiorari procedure.* Tenn. Code Ann. § 27-9-102 provides that a party shall file his or her petition of certiorari within sixty days from the entry of the order or judgment. [The owner] did not appeal the Commission's decision through the statutory certiorari procedure. Instead, [it] is challenging the Commission's decision by denying its force and effect in this matter, which is an incidental enforcement proceeding.

*Id.* (emphasis added). Ultimately, this Court concluded that the owner could pursue a collateral attack on jurisdictional grounds. *Id.* at *7-8. However, the issue of whether the Historic Zoning Commission's decision can also be reviewed by a petition for common

law writ of certiorari was not before the Court.

In the case at bar, Adam Huffstutter relies on *Byron Ave. 3501, LLC v. Metropolitan Historic Zoning Commission of the Metropolitan Government of Nashville*, No. M2010-01652-COA-R3-CV, 2011 WL 2112774 (Tenn. Ct. App. May 24, 2011), in support of his assertion that a common law writ can also be utilized. That case involved a decision of the Metropolitan Historic Zoning Commission denying a demolition permit based on economic hardship. *Id.* at *1. The opinion states that the applicant "filed suit in the form of a common law writ of certiorari." *Id.* The chancery court reviewed the decision under the limited standard applicable to a common law writ, and so did this Court on appeal. *Id.* at *2. We explained:

> The scope of review with respect to a common law writ of certiorari is limited. *Watts v. Civil Serv. Bd.*, 606 S.W.2d 274, 276 (Tenn. 1980); *Leonard Plating Co. v. Metro. Gov't of Nashville & Davidson County*, 213 S.W.3d 898, 903 (Tenn. Ct. App. 2006). A reviewing court may grant relief only upon a determination that the action by the administrative body was: "(1) in violation of constitutional or statutory provisions; (2) in excess of statutory authority; (3) an unlawful procedure; (4) arbitrary or capricious; or (5) unsupported by material evidence." *Demonbreun v. Metro. Bd. of Zoning Appeals*, 206 S.W.3d 42, 46 (Tenn. Ct. App. 2005). The scope of review by the appellate courts is no broader than that of the chancery court in these cases with respect to evidence presented before the administrative body. *Watts*, 606 S.W.2d at 277.
>
> Reviewing a common law writ of certiorari "does not extend to a redetermination of the facts found by the board or agency whose decision is being reviewed." *Leonard Plating*, 213 S.W.3d at 903. Courts are not permitted to "(1) inquire into the intrinsic correctness of the decision, (2) reweigh the evidence, or (3) substitute their judgment for that of the board or agency." *Id.* at 903-04 (footnotes omitted). Rather, the courts must review the board's decision to determine whether there is any material evidence to support the decision; "a decision without evidentiary support is an arbitrary one." *Id.* at 904. The determination of whether the board's decision is supported by material evidence is a question of law. *Id.* To support a board's decision, the material evidence "must exceed a scintilla of evidence but may be less than a preponderance of the evidence." *Id.*

*Id.* at *2. Applying this standard, we concluded that the decision of the Historic Zoning Commission to deny the permit was not supported by material evidence. *Id.* at *9. However, there is nothing in the opinion to indicate that anyone challenged the use of the common law writ of certiorari or even questioned its use. The opinion does not mention Tennessee Code Annotated section 13-7-409 or the statutory writ.

Adam Huffstutter insists on appeal that the common law writ remains an "available option" and therefore the trial court erred in treating his petition as one for a statutory writ of certiorari. Under the unique circumstances of this case, we do not deem it necessary to decide whether the common law writ of certiorari was an available alternative. "The distinction between a common law writ of certiorari and a statutory writ of certiorari largely rests on the scope of appellate review available." *Outloud! Inc. v. Dialysis Clinic, Inc.*, No. M2016-01528-COA-R3-CV, 2017 WL 4004161, at \*2 (Tenn. Ct. App. Sept. 11, 2017) (citing *State v. Lane*, 254 S.W.3d 349, 354 n.4 (Tenn. 2008)). As the aforementioned opinions indicate, and Huffstutter concedes, review under the common law writ of certiorari would have been much more narrow than the de novo review provided by the statutory writ. In addition, Huffstutter conceded at oral argument that his challenge to the decision of the Historical Zoning Commission was based on "a procedural problem." He explained, "We only wanted the review on a single question. . . . Did they fail to follow the procedure?" Specifically, he insists that the Historic Zoning Commission should have treated his application as an original application rather than a request for rehearing, pursuant to its own policies and procedures. That is the very question that the chancery court decided in its written order. The order plainly states, "The issue before the Court is whether the Commission erred in considering Mr. Adam Huffstutter's Application as one for rehearing rather than a new application." The chancery court ultimately concluded that it did not, after reviewing the Metro Code, the circumstances of this case, and the explanation provided by the Zoning Administrator at the meeting of the Commission. The chancery court also noted that courts generally defer to an agency's interpretation of its own rules. Thus, the chancery court affirmed "the Commission's June 17, 2021 decision to treat the Application of Mr. Adam Huffstutter as one for rehearing and to deny the request for rehearing."

Adam Huffstutter has not shown that the result would have been any different under the common law writ of certiorari review that he sought in chancery court. *See, e.g.*, *Stone v. Tenn. Bd. of Parole*, No. M2016-01730-COA-R3-CV, 2017 WL 4217164, at \*7 (Tenn. Ct. App. Sept. 20, 2017) ("In common law certiorari proceedings, we are obliged to give substantial deference to the agency's interpretation of its own rules."); *Steppach v. Thomas*, 346 S.W.3d 488, 499 (Tenn. Ct. App. 2011) ("we will defer to the agency's decision on questions involving its own procedures"). To the contrary, counsel for Adam Huffstutter stated at the outset of the hearing in chancery court, "As you know, we're here today on a petition for a writ of certiorari and the issue in this is to determine whether the Metro Historical Zoning Commission's decision was in accordance with applicable law, and since it is a question of law, it will be a de novo review by this Court." Thus, it is not necessary to resolve the issue presented by Huffstutter for purposes of this appeal because the alleged error would be harmless. *See* Tenn. R. App. P. 36(b) ("A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process."); *Johnston v. Metro. Gov't of Nashville & Davidson Cnty.*, 320 S.W.3d 299, 315 (Tenn. Ct. App. 2009) (recognizing that "even if

the matter should have proceeded as a declaratory judgment action, instead of a writ of certiorari, the ruling on the legal issues would have been similar," and therefore, "any error by the trial court on this issue had essentially no effect on the issues before the court").

## B. *Due Process*

The third issue Adam Huffstutter raised on appeal was framed as follows: "Did MHZC's procedural act of treating landowner's application for a preservation permit as a rehearing request, deny landowner of his due process right to a hearing on his application for a preservation permit?"  Metro argues that Huffstutter has waived this issue by failing to properly brief it.  Although the conclusion section of Huffstutter's brief referenced "the established standards of due process," he did not otherwise reference "due process" or cite any legal authority regarding "due process."  As a result, we deem this issue waived.  *See Sneed v. Bd. of Pro. Resp. of Supreme Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived.").[3]

## IV.   CONCLUSION

For the aforementioned reasons, the decision of the chancery court is affirmed and remanded for further proceedings.  All other issues are pretermitted.  Costs of this appeal are taxed to the appellant, Adam T. Huffstutter, for which execution may issue if necessary.

_____
CARMA DENNIS McGEE, JUDGE

---

[3] In his reply brief on appeal, Adam Huffstutter raised a new argument regarding whether he would meet the definition of an "aggrieved party" within the meaning of the Historic Zoning Commission's rule regarding requests for rehearing.  However, this issue is likewise waived because it was raised for the first time in a reply brief, and it is not encompassed within the issues he presented for review on appeal. *See Hughes v. Tenn. Bd. of Prob. & Parole*, 514 S.W.3d 707, 724 (Tenn. 2017) ("Issues raised for the first time in a reply brief are waived."); *Reliant Bank v. Bush*, 631 S.W.3d 1, 5 n.4 (Tenn. Ct. App. 2021) (explaining that a reply brief is "not a vehicle for raising new issues").