IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 19, 2015


**RODNEY GLOVER v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.**


**Appeal from the Chancery Court for Hardeman County**
**No. 17529      William C. Cole, Chancellor**

_____

**No. W2014-02186-COA-R3-CV – Filed October 9, 2015**
_____


This appeal involves the dismissal of a petition for a writ of certiorari filed by a prison inmate. The prisoner raises several issues regarding violations of the Tennessee Department of Correction's (TDOC) uniform disciplinary procedures. The prisoner was found guilty of refusing to participate in his assigned educational class. After exhausting his administrative appeals, he filed an application for a writ of certiorari in the trial court. The trial court granted the writ of certiorari, and upon review of the record, granted the TDOC's motion to dismiss. The prisoner now appeals. Finding no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Chancery Court is Affirmed.**

KENNY ARMSTRONG, J. delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Rodney Glover, Whiteville, Tennessee, *Pro Se.*

Herbert H. Slatery III, Attorney General and Reporter; and Jennifer L. Brenner, Senior Counsel, for the appellees, State of Tennessee Department of Correction, Derrick D. Schofield, and Jeff Butler.


**MEMORANDUM OPINION**[1]

---

[1]  Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would

# I. Background

The Appellant Rodney Glover is an inmate in the custody of the Tennessee Department of Correction. At all times relevant to this case, Mr. Glover was in the custody of the Hardeman County Correctional Facility in Whiteville, Tennessee. On October 19, 2011, Mr. Glover was charged with refusing to participate in his assigned educational class after being written up for the same offense.

A disciplinary hearing was conducted on October 26, 2011; Mr. Glover was represented by an inmate advisor at the hearing. According to the disciplinary hearing summary, the "inmate advisor had adequate time to prepare [a] defense." At the hearing, Mr. Glover testified that he never attended the class to which he was assigned and was dropped from the class due to medical problems. Mr. Glover called no witnesses to corroborate his claim that he was dropped from the class for medical reasons. The disciplinary board found him guilty of refusing to participate in his assigned educational class. On November 9, 2011, Mr. Glover appealed the decision to the warden, who affirmed the board's conviction on November 30, 2011. Mr. Glover then appealed the matter to the Commissioner of the Tennessee Department of Correction, who affirmed the conviction on January 9, 2012, finding no violations of Mr. Glover's due process rights.

On March 19, 2012, having exhausted his appeals within the prison system, Mr. Glover filed a petition for common law writ of certiorari with the Chancery Court of Hardeman County seeking judicial review of his disciplinary conviction. The petition was filed against the Tennessee Department of Correction, Commissioner Derrick D. Schofield, and Commissioner Desginee Jeff Butler (together, "Appellees"). In his petition, Mr. Glover alleged that he was convicted without being afforded all essential due process protections as set forth under TDOC uniform disciplinary procedures. Mr. Glover also averred that he was "arbitrarily charged, convicted, and punished for not participating in an assigned educational program." Mr. Glover further alleged that he had already been removed and discharged from the educational assignment prior to the hearing by the disciplinary board, making the conviction and accompanying punishment null and void.

The trial court granted Mr. Glover's petition for writ of certiorari on February 6, 2013 and the TDOC filed the record of the proceedings below on March 1, 2013. By letter filed with the trial court on May 15, 2013, Appellant requested a transportation order for his

have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

appearance on the court date. This request was denied by the trial court in an order dated May 29, 2013.

On July 25, 2014, Appellees filed a motion to dismiss the petition for writ of certiorari. The Appellees also noticed a hearing without the necessity of oral argument. On September 24, 2014, the trial court entered an order of dismissal finding that the Appellees "acted within their jurisdiction, did not act illegally, arbitrarily or fraudulently and substantially complied with required policies and procedures." Mr. Glover appeals.

## II. Issues

Appellant raises only one issue for review as stated in his brief:

> Whether the trial court erred in failing to grant relief in this case due to multiple failures of the Department of Correction to comply with all mandatory disciplinary procedures pursuant to TDOC policy 502.01 before finding the Appellant guilty?

## III. Standard of Review

The common-law writ of certiorari serves as the proper procedural vehicle through which prisoners may seek review of decisions by prison disciplinary boards, parole eligibility review boards, and other similar administrative tribunals. *See Willis v. Tenn. Dep't of Corr.*, 113 S.W. 3d 706, 710 (Tenn. 2003); *Rhoden v. State Dep't of Corr.*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998) (citing *Bishop v. Conley*, 894 S.W. 2d 294 (Tenn. Crim. App. 1994)). The issuance of a writ of common-law certiorari is not an adjudication of anything. *Keen v. Tenn. Dep't of Corr.*, No. M2007–00632–COA–R3–CV, 2008 WL 539059, at *2 (Tenn. Ct. App. Feb. 25, 2008) (citing *Gore v. Tenn. Dep't of Corr.*, 132 S.W.3d 369, 375 (Tenn. Ct. App. 2003)). Instead, it is "simply an order to the lower tribunal to file the complete record of its proceedings so the trial court can determine whether the petitioner is entitled to relief." *Hawkins v. Tenn. Dep't of Corr.*, 127 S.W.3d 749, 757 (Tenn. Ct. App. 2002); *Hall v. McLesky*, 83 S.W.3d 752, 757 (Tenn. Ct. App. 2001).

Review under a writ of certiorari is limited to whether the inferior board or tribunal exceeded its jurisdiction or acted illegally, arbitrarily or fraudulently, and if there is any material evidence to support the board's findings. *Watts v. Civil Serv. Bd. of Columbia*, 606 S.W.2d 274, 276-77 (Tenn. 1980); *Davidson v. Carr*, 659 S.W. 2d 361, 363 (Tenn. 1983); *Harding Acad. v. Metropolitan Gov't of Nashville & Davidson Cnty.*, 222 S.W.3d 359, 363; (Tenn. 2007); *see also Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012). These determinations are issues of law. *Watts*, 606 S.W. 2d at 277.

3

Our Supreme Court has held that the use of the common-law writ of certiorari is appropriate to provide judicial relief from (1) fundamentally illegal rulings, (2) proceedings inconsistent with essential legal requirements, (3) proceedings that effectively deny parties their day in court, (4) decisions that are beyond the decision-maker's authority, and (5) decisions that involve plain and palpable abuses of discretion. *State v. Lane,* 254 S.W.3d 349, at 355 (Tenn. 2008)(quoting *Willis* 113 S.W.3d at 712). A common-law writ of certiorari proceeding does not empower the courts to redetermine the facts found by the entity whose decision is being reviewed. *Tennessee Waste Movers, Inc. v. Loudon Cnty.,* 160 S.W.3d 517, 520 n. 2 (Tenn. 2005); *Cooper v. Williamson Cnty. Bd. of Educ.,* 746 S.W.2d 176, 179 (Tenn. 1987). Accordingly, we have repeatedly cautioned that a common-law writ of certiorari does not authorize a reviewing court to evaluate the intrinsic correctness of a governmental entity's decision. *See, e.g., Willis,* 113 S.W. 3d at 712*; Stewart,* 368 S.W.3d at 465; *Arnold v. Tennessee Bd. of Paroles,* 956 S.W.2d 478, 480 (Tenn. 1997). As previously stated by this Court:

> At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review.

*Powell v. Parole Eligibility Review Bd.,* 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994). Accordingly, we consider Mr. Glover's arguments within these parameters. "A board's determination is arbitrary and void if it is unsupported by any material evidence." *Watts,* 606 S.W.2d at 276–77. Whether there existed material evidence to support the board's decision is a question of law which should be determined by the reviewing court based on the evidence submitted. *Id.* This Court must review a trial court's conclusions of matters of law *de novo* with no presumption of correctness. Tenn. R. App. P. 13(d). This Court "will not 'inquire into the intrinsic correctness of the [b]oard's decision,' but will uphold the decision if it was reached lawfully and in a constitutional manner." *Hopkins v. Tenn. Bd. of Paroles and Prob.,* 60 S.W.3d 79, 82 (Tenn. Ct. App. 2001).

## IV. Analysis

We are cognizant that Mr. Glover is a prison inmate and is proceeding *pro se.* The courts should take into account that many *pro se* litigants have no legal training and little familiarity with the judicial system. *Garrard v. Tenn. Dep't of Corr.,* No. M2013-01525-COA-R3-CV, 2014 WL 1887298, at *3 (Tenn. Ct. App. May 8, 2014)(internal citations

omitted). It is well-settled that "*pro se* litigants are held to the same procedural and substantive standards to which lawyers must adhere." ***Brown v. Christian Bros. University,*** No. W2012–01336–COA–R3–CV, 2013 WL 3982137, at \*3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, ***Hodges v. Tenn. Att'y Gen.***, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000), "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." ***Whitaker v. Whirlpool Corp.***, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000).

## A. Exculpatory Evidence

On October 19, 2011, Ms. Brendalyn Garrison, an instructor at the Hardeman County Correctional Facility, reported Mr. Glover for failure to report as scheduled to his education class at the facility. Mr. Glover had been warned previously about not attending an education class. Also, under the correctional facility rules, inmates assigned to education classes are not excused from attending class unless "reporting to a disciplinary hearing, grievance hearing, medical appointment (with approved medical pass) or parole hearing. Inmates are not excused for any other reason." The disciplinary report states that Ms. Garrison charged Mr. Glover with "refusal to participate" and that she recommended a "job drop."[2] This report is part of the record of the disciplinary committee in this case.

The uniform disciplinary procedures govern disciplinary actions in the state correctional system. These procedures are intended "[t]o provide for the fair and impartial determination and resolution of all disciplinary charges placed against inmates." ***Willis***, 113 S.W.3d at 713 (quoting TDOC Policy No. 502.01(II)). These procedures are "not intended to create any additional rights for inmates beyond those which are constitutionally required." TDOC Policy No. 502.01(V). Deviations from the uniform disciplinary procedures will warrant dismissal of a disciplinary offense only if "the inmate is able to show substantial prejudice as a result and that the error would have affected the disposition of the case." ***Id.*** Minor deviations do not entitle a prisoner to relief under a common-law writ of certiorari if the prisoner suffers no prejudice. ***Jeffries***, 108 S.W.3d at 873 (citing TDOC Policy No. 502.01(V)). "To trigger judicial relief, a departure from the uniform disciplinary procedures must effectively deny the prisoner a fair hearing." ***Braden v. Tenn. Dep't of Corr.***, No. M2010-01958-COA-R3-CV, 2011 WL 2520210, at \*3 (Tenn. Ct. App. June 23, 2011) (internal citations omitted).

---

[2] Under the Uniform Disciplinary Procedures, the disciplinary board may dispose of a case by recommending an inmate for "dismissal from a job/program assignment." TDOC Policy No. 502.01(VI)(L)(5)(a)(10).

5

Mr. Glover's petition specifically alleges that he was prevented from cross-examining Ms. Garrison who issued the disciplinary report in his case, which he claims deprived him of a fair and impartial hearing. The record indicates that neither the disciplinary board, nor Mr. Glover called Ms. Garrison as a witness. Mr. Glover further alleges that the prison disciplinary board perpetrated a fraud by finding him guilty when he had already received a job dismissal before the disciplinary hearing was held.

The TDOC uniform disciplinary procedures afford prisoners facing disciplinary charges with a limited right to present exculpatory evidence. *Jeffries v. Tenn. Dep't of Corr.*, 108 S.W.3d 862, 874 (Tenn. Ct. App. 2002). With regard to the examination of witnesses, the uniform disciplinary procedures state in pertinent part:

> "[i]f the inmate pleads not guilty he/she shall be permitted the following:
>
> ***
>
> (c) (3)  to cross examine any witness. . . who testified against him/her . . . and to review any adverse documentary evidence. . . ."
>
> ***
>
> (6)  the right to present the testimony of relevant witness(es), unless allowing the witness to appear would pose a threat to institutional safety or order.
> (d)    The board/hearing officer shall record on a disciplinary continuation, CR-1831, specific reason(s) for not permitting the attendance of a witness requested by an inmate.
> (1)  An inmate who wishes to have witness(es) (inmate or staff) present to testify on his/her behalf at the hearing shall complete an Inmate Witness Request, CR-3511, and submit it to the hearing officer at least 24 hours prior to the hearing. The hearing officer shall indicate on the form whether the inmate's request has been approved or denied. If a requested witness is denied, the specific reason(s) for not permitting the attendance of the witness requested must be listed on the form.

TDOC Policy 502.01(VI)(L). The policy also states that an inmate may submit a written witness statement when the personal appearance of a witness has been denied. *Finney v. Tenn. Dep't of Corr.*, No. E2009-01111-COA-R3-CV, 2010 WL 1780068, at *3 (Tenn. Ct. App. May 4, 2010). This policy reflects the United States Supreme Court's conclusion that prisoners charged with disciplinary offenses "should be allowed to call witnesses and present documentary evidence in [their] defense when permitting [them] to do so will not be unduly

6

hazardous to institutional safety or correctional goals." *Jeffries,* 108 S.W.3d at 874 (citing *Wolff v. McDonnell,* 418 U.S. 539, 566 (1974)).

Although Mr. Glover had the limited right to present the testimony of relevant witnesses at the hearing, he failed to comply with TDOC policy, which requires an inmate who wishes to have witnesses testify to complete an inmate witness request form and submit it to the hearing officer at least 24 hours prior to the hearing. While Mr. Glover did not waive his right to call witnesses, the record is void of any form submitted by Mr. Glover prior to the hearing, requesting the presence of witnesses. Notably, Mr. Glover does not allege that Ms. Garrison was unavailable at the time of the disciplinary hearing. Mr. Glover also does not allege that he attempted to cross-examine Ms. Garrison at the disciplinary hearing and was denied the opportunity to do so by the hearing officer. Nor does he allege that he was denied the opportunity to put on any other witnesses to testify on his behalf.

There is simply nothing in the record, in this case, to support Mr. Glover's allegation that he was prevented from obtaining and introducing exculpatory evidence. Mr. Glover does not even attempt to argue that he submitted an inmate witness request form in accordance with TDOC Policy, and, as mentioned previously, no such form appears in the record of the disciplinary proceedings. Mr. Glover's initial appeal to the prison warden did not mention the issue of witnesses. The issue of exculpatory witnesses was first raised by Mr. Glover in his appeal to the Commissioner. Mr. Glover's appeal to the Commissioner contains the following statement:

> Inmate Rodney Glover #474564 asserts that he was prevented from obtaining and introducing relevant exculpatory evidence. The evidence that the Board/Hearing Officer did not consider was the judgment for a job dismissal –CR-3054, submitted by Ms. Garrison and approved by Ms. Kristy Sain, Job Coordinator on October 19, 2011. The conduct of the Board/Hearing Officer acted contrary to Inmate Glover qualified to introduce evidence and call witness in the disciplinary procedure. . . . Inmate Glover asserts that the reporting officer in this case did not meet her burden of proof, because at the time the disciplinary report was issued, Inmate Glover was removed from the educational class.

Interestingly, this statement makes no allegation that Mr. Glover was denied the ability to cross-examine Ms. Garrison, or to call the job coordinator as a witness on his behalf. Despite Mr. Glover's statement in his appeal to the Commissioner, the record simply does not support a finding that Mr. Glover requested and was denied the opportunity to cross-examine Ms. Garrison or call other witnesses on his behalf to excuse his attending his assigned class.

7

We have previously denied relief to a prisoner who claimed that he was not allowed to call witnesses when "[t]he record before us show[ed] *by omission* that appellant did not make a request to put on a witness to testify in his defense." ***Holmes v. Tenn. Dep't of Corr.,*** No. E2008–00894–COA–R3–CV, 2009 WL 1065941, at \*3 (Tenn. Ct. App. Apr. 21, 2009) (emphasis added). When an inmate fails to request a witness's presence prior to the hearing, "the hearing officer *may* still allow the witness to testify." TDOC Policy 502.01(VI)(L)(4)(d)(2). It is within the chairperson's discretion to allow testimony when a CR–3511 form has not been completed. Furthermore, "when the personal appearance of a witness has been denied [,]" an inmate may submit a written witness statement, which Appellant failed to do. TDOC Policy 502.01(VI)(L)(4)(d)(3). ***Patterson v. Tenn. Dep't of Corr.***, No. W2009-01733-COA-R3-CV, 2010 WL 1565535, at \*5 (Tenn. Ct. App. Apr. 20, 2010).

In ***Keen v. Tenn. Dep't of Corr.,*** a prisoner argued that his disciplinary conviction should be reversed because he was unable to call certain correctional officers as witnesses on his behalf. This Court noted that "[t]he Uniform Disciplinary Procedures include a process by which inmates can file written requests for the appearance of witnesses at disciplinary hearings," and it denied relief because "[n]o such written requests [were] found in the record." ***Keen***, 2008 WL 539059, at \*5. Like the ***Keen*** court, we find no support for Mr. Glover's allegation that he requested to cross-examine Ms. Garrison or call any other witnesses on his behalf.

While Mr. Glover admits that he never attended the education class, he alleges that he did not attend because he was medically unable to do so. Mr. Glover also alleges that he was unable to obtain records from the job coordinator or the medical department to support his position that he was improperly assigned and then released from his educational assignment. Mr. Glover further alleges that his inability to obtain these records, resulted in him being "arbitrarily and falsely convicted." Unfortunately, Mr. Glover never provided any documentation to support his claims. Our review of the record indicates that Mr. Glover did not attempt to obtain either his medical records or his employment records. Mr. Glover could have requested his medical records to present at the hearing. Also, he could have attached his medical records to his appeals to the warden and the Commissioner, but did not do so. Mr. Glover could have requested that the job coordinator and a staff member in charge of medical records testify on his behalf at the hearing, but failed to do so. Instead, Mr. Glover appears to believe that the TDOC should have produced his medical records for the hearing. The uniform disciplinary procedures, however, place the responsibility of providing exculpatory evidence on Mr. Glover and not the correctional facility.

### B. Violations of the Uniform Disciplinary Procedures

**C.**

Appellant claims that the disciplinary "procedures were ignored, relevant to the evidence, witnesses, records, and other critical points during the process." Throughout his petition and his brief, Mr. Glover argues that the prison disciplinary board failed to follow its own disciplinary policies and procedures. However, Mr. Glover does not point to a specific policy provision which was allegedly violated; he simply cites to the uniform disciplinary procedures in general. Therefore, we must address whether substantial deviations from TDOC policy deprived Mr. Glover of a fair hearing.

Mr. Glover argues that the prison disciplinary board's decision was illegal because it constituted an infringement on his constitutionally protected right to the due process of law. The United States Supreme Court addressed this issue in ***Wolff v. McDonnell***, 418 U.S. 539, 555 (1974), explaining that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such a proceeding does not apply." ***Id***. The minimum due process requirements that must be met when a decision of an inmate disciplinary board affects an inmate's constitutionally protected interests are: (1) notice of charges, (2) opportunity to be heard, and (3) a written statement by the fact-finders as to the evidence relied on and reasons for the disciplinary action. ***Jeffries***, 108 S.W.3d at 873 (citing ***Wolff***, 418 U.S. at 563-569). In this case, the record shows that Mr. Glover was given notice seven days prior to his disciplinary hearing and that his inmate advisor received adequate time to prepare a defense. Mr. Glover had an opportunity to be heard at his original disciplinary hearing, and again during his appeals to the warden and the Commissioner.

The last factor under the holding in ***Wolff*** requires a written statement by the fact-finders as to the evidence relied on and reasons for the disciplinary action. Mr. Glover's petition alleges that the hearing summary was "constitutionally deficient" because the board did not detail reasons for the disposition, or the evidence on which it relied. In fact, the hearing summary states that the reporting officer, Ms. Garrison, provided written testimony that Mr. Glover refused to participate in class by not attending. This testimony was supported by Mr. Glover's own testimony that he never attended the class to which he was assigned.

Mr. Glover alleges in his petition for certiorari that the trial court erroneously upheld the decision of the disciplinary board. In its final order dismissing Mr. Glover's petition, the trial court concluded:

> Appellant alleges that he was "convicted of failing to participate in an educational program when he had already been terminated from the program. Ironically, Appellant admitted at the hearing on October 26, 2011, that he had never attended the program.

9

He complains . . . that he can't be convicted of the offense based upon a written statement of another witness then admits in the same [pleading] that he did not participate.

In sum, there is no proof in the record that the Appellees exceeded their jurisdiction or acted illegally, arbitrarily, or fraudulently. To the contrary, there is evidence in the record to support the disciplinary decision. The trial court is not supposed to inquire into the intrinsic correctness of the decision."

Accordingly, the trial court found that the Appellees acted within their jurisdiction, did not act illegally, arbitrarily or fraudulently and substantially complied with required policies and procedures. While Mr. Glover may disagree with the outcome, the trial court properly considered his petition. Accordingly, we conclude that Mr. Glover's claims are without merit. The disciplinary board did not act illegally or arbitrarily, and we find no violation of Mr. Glover's due process rights. Mr. Glover's argument that the disciplinary board acted improperly in conducting its hearing after he was removed from the class for not attending is also without merit. In this regard, Mr. Glover cites no uniform disciplinary procedure to support his argument that such procedure is illegal.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order of dismissal. The case is remanded to the trial court for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against Appellant, Rodney Glover. Because Mr. Glover is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE